[No. 1553-4, December 3, 1913.]

CITY OF TUCUMCARI, Appellee, v. D. A. BELMORE, Jr., Appellant.

### SYLLABUS (BY THE COURT)

1.  The addition or omission of the suffix "Jr." is immaterial in either a civil or criminal proceeding.  The person so styled is presumed, in the absence of some proof to the

contrary, to be the same person referred to whenever his name appears with, or without, the suffix.

P. 337

2. Where, in a judgment covering several cases, by inadvertence or otherwise, one or more cases are included over which the Court had no jurisdiction to render judgment, this Court has jurisdiction, under section 38 of chapter 57 of the Laws of 1907, to modify the judgment by eliminating such case, or cases, from the judgment.

P. 338

3. Where a city ordinance is not before the Court, and where a judgment for violation of the same is an ordinary judgment for money in the amount of a fine, and where no imprisonment is imposed, and where the nature of the act charged against the defendant is not criminal in character and is not punishable by any general law of the State, but relates solely to a local regulation of the city for the safety and welfare of its inhabitants, the proceeding will be treated by this Court as a civil and not a criminal proceeding.

P. 339

4. Where the certificate of the trial judge to an alleged bill of exceptions is not certified to by the clerk of the Court, and is not shown to have been filed in the clerk's office, neither the alleged bill of exceptions to which it relates, nor the said certificate will be considered by this Court.

P. 340

Appeal from the District Court of Quay County; Thomas D. Leib, District Judge; modified and affirmed.

C. H. HITTSON, Tucumcari N. M.; F. C. WILSON, Santa Fe, N. M., for appellant.

Court erred in assuming jurisdiction of this cause and forcing the defendant to go to trial over his objection without a full panel; only twelve qualified jurors remained

on the panel when case was called, when there should have been twenty-four. Laws 1905, ch. 116, sec. 25.

Twelve jurors of the regular panel were disqualified by the trial of the case the day before, which case involved same issues and between same parties. Gartwaite v. Tatum, 76 Am. Dec. 402; Swarnes v. Sitton, 58 Ill. 155.

Motion for new trial does not have to be filed within five days after verdict. Laws 1907, ch. 57, sec. 60.

A judgment relating to matters not before the Court is extrajudicial and of no effect. Sache v. Gillette, 112 N. W. 386, 11 L. R. A. (N. S.) 803.

Judgment is void because it is without legal authority and in excess of the amount allowed by law in such cases. C. L. 1897, sec. 2403.

Section 18-of the City Ordinance 47 does not name or define a crime or offense and is a mere blanket section. Alwin v. Morley, 108 Pac. 778; Evans v. Willis, 19 L. R. A. (N. S.) 1050; Maclay Co. v. Meads, et al., 112 Pac. 195; Dicta in State v. Medler, 131 Pac. 976.

F. C. WILSON, Santa Fe, N. M., for appellant.

Judgment is void for lack of jurisdiction of the Court to enter a judgment against this defendant. 12 Enc. Pl. & Pr. 188; 1 Black on Judgments, 241-242; McFadden v. Ross, 108 Ind. 512, 8 N. E. 151; Ritchie v. Sayres, 100 Fed. 520; Spoors v. Coen, 44 Ohio St. 497, 9 N. E. 132; Louis v. Smith, 9 N. Y. 502; 61 Am. Dec. 706; Boogher v. Frasier, 99 Mo. 325, 12 S. W. 885; Sandoval v. Rosser, 26 S. W. 932; 23 Cyc. 684; Freeman on Judgments, (4th ed.) 116.

Judgment is void for lack of legal authority in the Court to enter judgment for costs. Dillon on Municipal Corporations, (5th ed.) vol. 2, p. 962, and cases cited.

C. C. DAVIDSON, Tucumcari, N. M., for appellee.

There was no proper record or bill of exceptions filed in the District Court. 3 Cyc. 97, 106; Judkins v. Wilson, 40 N. E. 39; Board of Commrs. v. Huffman, 31 N. E.

570; Guirl v. Gillette, 24 N. E. 1036; Board of Commrs. v. Hemphill, 41 N. E. 965; Riverside Rubber Co. v. Midland Mfg. Co., 57 N. E. 958; DeHart v. Board of Commrs., 41 N. E. 825; German Nat. Bank v. Terry, et al., 67 N. W. 856; Pearce v. State, 12 S. E. 926; Helsel v. Seiger, 34 Pac. 237; Rock Island .v. Riley, 26 Ill. App. 171; Huber Mfg. Co. v .Busey, 43 N. E. 967; 21 Cent. Dig. 94-97; Laws 1907, ch. 57, sec. 26.

Errors assigned but not considered in appellant'e brief are deemed abandoned or waived and will not be considered by the Court. Gregory v. Cassan, 15 N. M. 496; A. & C. R. R. Co. v. D. & R. G., 16 N. M. 281; Riverside Co. v. Hardwicke, et al., 16 N. M. 479; Aetna Ins. Co. v. Lipsitz, 14 A. & E. Enc. Cas., vol. 14, p. 1070.

Assignments must specifically point out the error complained of. Terr. v. Cordova, 11 N. M. 367, 68 Pac. 919; Chaves v. Lucero, 13 N. M. 368, 85 Pac. 392, 6 L. R. A. (N. S.) 793.

No motion for a new trial was ever made before the lower Court. C. L. 1897, sec. 2685, sub-sec. 133, is in no manner amended or repealed by sec. 60, ch. 57, of the laws of 1907.

New trial. Motion not having been considered is the same as stricken and leaves nothing before the Court for review. Cunningham v. Springer, 13 N. M. 259, 82 Pac. 232; L. & L. & G. Ins. Co. v. Perrin, 10 N. M. 90, 61 Pac. 124; Schofield v. Terr., 9 N. M. 526, 56 Pac. 306; Schofield v. Slaughter, 9 N. M. 422, 54 Pac. 757; Henry v. Cartwright, 13 N. M. 384, 85 Pac. 1043.

Omission of "Jr." is only a formal defect that can be corrected by this Court. Romero v. Silva, 1 N. M. 157.

Where there is substantial evidence to support the verdict, it will not be disturbed by the Appellate Court. Sherman v. Hicks, 14 N. M. 439, 94 Pac. 959; Richardson v. Pierce, 14 N. M. 334, 93 Pac. 715; Territory v. Neatherlin, 13 N. M. 499, 85 Pac. 1044.

A prosecution under a city ordinance is a civil and not a criminal proceeding and the Court may direct a verdict under the circumstances disclosed in the case at bar.

Armijo v. N. M. Town. Co., 3 N. M. 427; Herrera v. Chaves, 2 N. M. 86.

(Case No. 1554.)   Brief for Appellee.

Errors not referred to in the argument or authorities cited will not be considered. Riverside Co. v. Hardwick, et al., 16 N. M. 479; A. & C. R. R. v. D. & R. G., 16 N. M. 281; Gregory v. Cassan, 15 N. M. 496; Aetna Ins. Co. v. Lipsitz, 14 A. & E. Ann. Cas. 1070.

"A bill of exceptions must be authenticated or certified or it will not be considered by the Appellate Court." 5 Cyc. 108.

"A transcript of the evidence which has no formal commencement as a bill of exceptions, and was not filed in the clerk's office, is insufficient to bring the evidence into the record, although it concluded as a bill of exceptions, and was signed by the trial judge as such." Jenkins v. Wilson, 40 N. E. 39.

Record must show that the bill of exceptions was filed in the Court below. Board of Commrs. 31 N. E. 570; Loy v. Loy, 90 Ind. 404; Hessian v. State, 17 N. E. 614; Guirl v. Gillett, 24 N. E. 1036; Riverside Rubber Co. v. Midland Mfg. Co., 57 N. E. 958; Board of Commrs. v. Hemphill, 41 N. E. 565.

A so-called bill of exceptions must be certified to be a bill of exceptions by the clerk of the trial Court, or it is not entitled to be considered as a part of the record. De-Hart v. Board of Commrs., 41 N. E. 825; German Nat. Bank v. Terry, et al., 67 N. W. 856; Pearce v. State, 12 S. E. 926; Helzel v. Seiger, 34 Pac. 237; Rock Island v. Riley, 26 Ill. App. 171; Huber Mfg. Co. v. Busey, 43 N. E. 967; 3 Cyc. 97; Richmond & D. R. Co. v. McGee, 50 Fed. 906.

Last paragraph of the certificate of the trial Court contains a statement that certain parts of the so-called record are untrue. This statement constitutes sufficient grounds for dismissing the appeal. Hatcher v. Smith, 84 Ga. 451, 11 S. E. 1064; 21 Cent. Dig., secs. 94-97.

Preparation of a bill of exceptions. Laws 1907, ch. 57, secs. 25, 26.

Assignments of error must specifically point out errors complained of. Territory v. Cordova, 11 N. M. 367; Ruiz v. Territory, 10 N. M. 120; Ceveda v. Miera, 10 N. M. 62; Schofield v. Territory, 11 N. M. 526; Pearce v. Strickler, 9 N. M. 467; Friday v. Railway Co., 16 N. M. 434.

Procedure pertaining to new trials. C. L. 1897, sec. 2685, sub-sec. 133; not repealed or amended by ch. 57, laws of 1907.

No abuse of discretion is shown that would in the least degree justify this Court in reversing the case. Cunningham v. Springer, 13 N. M. 259, 82 Pac. 232; L. & L. & G. Ins. Co. v. Perrin, 10 N. M. 90, 61 Pac. 124; Schofield v. Territory, 9 N. M. 526, 66 Pac. 306; Schofield v. Slaughter, 9 N. M. 422, 54 Pac. 757; Archboques v. Miera, 1 N. M. 160; Henry v. Cartwright, 13 N. M. 384, 85 Pac. 1043; Bushness v. Coggshall, 10 N. M. 561, 62 Pac. 1101; Territory v. Christman, 9 N. M. 652, 58 Pac. 343; L. L. Min. Co. v. Henry, 9 N. M. 149, 30 Pac. 330.

Suit upon a city ordinance is a civil, or at least only quasi-criminal, proceeding and the degree of exactness in stating the charge is not required as in indictments. Dillon on Municipal Corporations, vol. 2, sec. 639, (5th ed.); Nichols v. Salem, Oregon, 89 Pac. 804; C. L. 1897, sec. 2617.

Record discloses a most palpable violation of the ordinance and the judgment of the lower Court should be affirmed. Putney v. Schmidt, 16 N. M. 400; N. M. Ry. Co. v. Hendricks, 6 N. M. 80, 27 Pac. 416.

Errors in giving or refusing instructions cannot be considered where the instructions were not brought up in the transcript. Reagan v. E. P. & N. E. Ry. Co., 106 Pac. 375.

Formal defects can be cured in the Supreme Court. Romero v. Silva, 1 N. M. 157.

## OPINION OF THE COURT.

PARKER, J.—These cases both arise out of judgments

for violations of an ordinance of the City of Tucumcari. The first case is a judgment for violation of section 6 of Ordinance No. 47, which prohibits wooden buildings within certain prescribed fire limits of the city, and the second case is a judgment for the violation of section 18 of the ordinance, which prohibits the keeping and maintaining of such buildings within such fire limits, each day they are so kept or maintained constituting a separate offense.

Appellant assigned numerous errors in each case, but the record not having been properly preserved, they are not here for review. An additional brief was filed which presents some questions arising upon the record proper, which will be considered.

In both cases the appellant is styled D. A. Belmore Jr., in the complaint. In No. 1553, the verdict follows the complaint in this regard, but the judgment omits the suffix "Jr." from the name. In No. 1554, both the verdict and the judgment omit the suffix.

Appellant argues that the judgments are void for want of jurisdiction of the person of the defendant, by reason of this variance in the name. In No. 1553, this variance in the name was never called to the attention of the Court, and in No. 1554 it was not called to the attention of the Court until January 4, 1913, the appeal having been taken to this Court on October 10, 1912. The defendant on that date filed a motion to vacate the judgment, based partly on this ground, which was denied by the Court. A sufficient reason for the action taken would seem to be that, at the time the application to vacate the judgment was made, the appeal had been taken and perfected by filing a supercedeas bond. Even had the District Court then had jurisdiction to vacate the judgment, the action taken was nevertheless, correct. The addition or omission of the suffix "Jr." is immaterial in either a civil or a criminal proceeding. The person so styled is presumed, in the absence **1** of some proof to the contrary, to be the same person referred to whenever his name appears with, or without, the suffix. 29 Cyc. 267, 268; People v. Collins, 7 Johns. 549; Teague v. State, 40 So. 312; State v. Cafiero,

36 So. 492; Com. v. Beckley, 44 Mass. 331; City of San Francisco v. Randall, 54 Cal. 408; State v. Grant, 22 Me. 171; Windom v. State, 72 S. W. 193; 36 Cen. Dig., Title Name, sec. 3.

The appellant complains, not that he was not charged, tried and adjudged to pay a fine, but he complains that the judgment in one case, and the verdict and judgment in the other, failed to follow the complaint, and to style him as "Jr." There is no intimation in the record that there is another Belmore to whom the judgment could apply.

It appears that counsel for the City, in No. 1554, moved to consolidate all causes pending against the defendant, giving their docket numbers. It appears from a recital in one of the orders made in the case, that the parties in open court stipulated that the verdict and decision in No. 527, which was the case actually tried, should apply to and govern causes Nos. 527 to 529, inclusive, and Nos. 532 to 552, inclusive, between the same parties, the issues therein being identical. The final judgment, however, adjudges a fine of $25 in each case, numbered 527 to 553, inclusive. This leaves cases Nos. 530, 531 and 553 without the terms of the stipulations, and renders the judgment, it is argued, void on its face, for want of jurisdiction. Counsel for appellee, in his brief, asserts that No. 527 was tried and that there were only twenty-two other cases covered by the stipulation. This would seem to show that in so far as the judgment purports to cover cases numbered 530, 531 and 553, it was without jurisdiction and void. But this does not render the whole judgment void. The part of the judgment which was rendered without jurisdiction is severable from that which was within the jurisdiction of the Court. It is perfectly apparent that the discrepancy arises out of a mere clerical error, but, if it did not, and was intentional on the part of the Court, we have the power to render the proper judgment here, by eliminating the three cases numbered 530, 531 and 553. Chapter 57, section 38, laws of 1907; Tagliaferri v. Grande, 16 N. M. 486.

The conclusion reached in the preceding paragraph is

based upon the theory that the proceedings against the defendant are civil and not criminal proceedings. Whether we might not modify the judgments, even were the proceedings criminal, we·do not decide as it is not involved.

The assumption that the proceedings are civil and not criminal is based upon the form of the judgment, it being an ordinary judgment for money in the amount of a fine, which the Court assessed. No imprisonment is imposed, nor is any provided for as a means of collection of the judgment. The nature of the act charged against the defendant is such as to show that it is not a crime in any sense, is not punishable by any general law of the State, but relates solely to a local regulation of the city, for the safety and welfare of its inhabitants. Under all of **3** the authorities, at least the great weight of authorities, such proceedings under such circumstances are civil and not criminal. 2 Dillon Munic. Corp. (5th ed.), secs. 749, 750; 3 McQuillan Munic. Corp., sec. 1030; section 2407, C. L. 1897, provides for two forms of proceedings for the violation of city ordinances, viz:—one civil in form and providing that the first process shall be a summons; the other a warrant for the arrest of the offender, based upon affidavit. The section provides for a fine or penalty, and for imprisonment as a means of collection of the same. Whether the ordinance in this case authorizes imprisonment, we are not at liberty to ascertain, the ordinance not being before us for consideration, as will be presently pointed out. The record is in such condition as to preclude a careful consideration of the nature of such proceedings as these, and we reserve the proposition for discussion in some future case where it may be clearly raised.

For the same reason we cannot consider the question raised by appellant to the effect that the ordinance does not provide for the collection of costs and that, therefore, the judgment must be unwarranted in so far as the costs are concerned.

The certificate of the trial Judge, settling the bill of exceptions, appears on the last page of the transcript, and

is the last entry therein. Preceding it is the clerk's certificate to the transcript. The fact that the Judge's order settling the bill of exceptions was ever filed in the clerk's office, or that the Judge, in fact, ever made the under such circumstances, there is no bill of exceptions be no argument nor authority to support the conclusion that, under the circumstances, there is no bill of exceptions before us, and we are precluded from examining the same as to the contents of the ordinance or any other matters therein contained.

For the reasons stated, the judgment below will be modified so as to exclude therefrom numbers 530, 531 and 553, and as modified they will be affirmed, and it is so ordered.