[No. 3378.   Nov. 27, 1929.]

STATE v. McMATH.

[283 Pac. 51.]

Thomas V. Truder, of East Las Vegas, for appellant.

M. A. Otero, Jr., Atty. Gen., for the State.

### OPINION OF THE COURT

WATSON, J. Upon appeal from a justice of the peace, appellant was convicted by a jury in the district court upon a complaint in the following language:

#### "COMPLAINT

"State of New Mexico, County of Mora—ss.:

"P. R. Corkin being first duly sworn upon his oath states: That J. M. McMath and Ben Shroyer, at the County of Mora in the State of New Mexico, on the 5th day of November, A. D. 1927, unlawfully did have in their possession one buck deer without head and horns, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of New Mexico.

"Wherefore, affiant prays that said defendants be arrested and dealt with according to law.

"P. R. Corkin.

"Subscribed and sworn to before me this 28 day of November, A. D. 1927.

"Max Lucero, Justice of Peace."

Among the contentions of error is the overruling of a motion to quash the "information," in which the point was made, among others, that it was indefinite and uncertain. We think the motion was well taken.

Of course, the complaint above set forth is not an information, but the fact that the proceeding was a trial de novo on appeal from justice's court did not relieve the state of the necessity of informing appellant of the nature of the offense with which he stood charged, and upon which he was about to be placed in jeopardy.

"The * * * information must contain: * * * A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." Laws 1925, c. 145, § 6. It "must be direct and certain as * * * regards: * * * The offense charged."

Id. § 7. The complaint seems fatally deficient in these respects. Was appellant charged with the possession of the carcass of an immature deer? Was he charged with failure to preserve the horns? Was he charged with the

possession of a carcass at a time more than ten days after the close of the season? The jury found him guilty in manner and form as charged in the complaint. Of what offense has he been convicted? Judging from a remark of the court in overruling the motion, we might suspect that the trial court interpreted the complaint as charging unseasonable possession. The instructions not being included in the transcript, we are unable to determine how the cause was submitted. In any event, it seems impossible to sustain a conviction upon the complaint.

The judgment will be reversed, and the cause remanded with a direction to the district court to quash the complaint as an information.

It is so ordered.

BICKLEY, C. J., and CATRON, J., concur.

PARKER and SIMMS, JJ., did not participate.