**219 P.2d 287**

**STATE v. SENA.**

**No. 5256.**

Supreme Court of New Mexico.

May 20, 1950.

Rehearing Denied June 22, 1950.

James A. Hall, Clovis, for appellant.

Joe L. Martinez, Atty. Gen., Walter R. Kegel, Asst. Atty. Gen., for appellee.

LUJAN, Justice.

The defendant (appellant) was convicted by a jury on an information charging him with contributing to the delinquency of a minor by selling him intoxicating liquors.

The proof showed that about 9 o'clock on the evening of June 9, 1949, while the defendant was at his home in Clovis, New Mexico, David Nelson, seventeen years of age, in company with a girl fifteen years of age, called upon him, both remaining in the house a very short time and while there the boy ordered and was sold one half pint bottle of whiskey by the defendant for which he was paid the sum of $2.50. Later in the evening of the same day both the lad and lass returned to the defendant's home and David Nelson purchased another half pint of whiskey from him. On this last occasion the young girl did not go into defendant's home. The defendant admitted that he was at his home on this particular night, but denied ever seeing David Nelson and girl that evening and further denied selling the whiskey to the boy as testified to by them. He offered to show by Joe S. Garcia, his nephew, that he, Garcia, had sold some whiskey to the boy on the night in question.

The jury found the defendant guilty as charged in the information. His motion for a new trial was denied and he was thereupon sentenced to serve a term in the state penitentiary. From such verdict and sentence he prosecutes this appeal.

The principal contentions now urged by the defendant in this court are that the information failed to state the offense of

contributing to the delinquency of a minor and that the court committed fundamental error in giving instruction No. 5(a), because it invaded the province of the jury by affirmatively declaring that the selling of intoxicating liquor to a minor of the age of seventeen years constituted the crime of contributing to the delinquency of such minor.

Section 44-101 (Pocket Supplement), 1941 Compilation, declares a juvenile delinquent to be any one under the age of 18 years who has violated any law of the state, or any ordinance or regulation of a political subdivision thereof; * * *.

The language of Section 44-116 (Pocket Supplement), 1941 Compilation, under which the defendant was charged and convicted is as follows: "Any person who shall commit any act or omit the performance of any duty, which act or omission causes, or tends to cause or encourage the delinquency of any person under the age of eighteen (18) years, shall upon conviction thereof, be punished. * * *"

The information, after the formal parts, alleged—"that Bennie Sena contributed to the delinquency of David Nelson, a minor of the age of 17 years, by selling alcoholic liquors to him."

Section 61-1012, Compilation 1941, makes it a crime for any person to sell, serve, give, buy for, procure the sale of or deliver any alcoholic liquors to a minor. It likewise makes it a crime for any minor to buy, receive or permit himself to be served with any alcoholic liquor except when accompanied by his parent, guardian or an adult person into whose custody he has been committed.

Hence the words used in the information to describe the act charged are to be used in their broadest sense. The information is sufficient if it contains such description of the offense charged as will enable the accused to make his defense and to plead the judgment in bar of any further prosecution for the same crime. Rosen v. United States, 161 U.S. 29, 16 S.Ct. 434, 480, 40 L.Ed. 606.

The information in the case at bar meets these requirements. It accuses Bennie Sena of the crime of "contributing to the delinquency of a minor," by "selling alcoholic liquor to him." These last words when considered in connection with the accusing part of the information, clearly state the manner in which the defendant caused or tended to cause the delinquency of the minor.

The defendant was arraigned under this information and entered his plea of not guilty to the charge as contained therein. At no time was objection taken to it and no motion was made to quash and set it aside. Under these circumstances the defendant waived any objec-

tion that he might otherwise have made thereto. State v. Shroyer, 49 N.M. 196, 160 P.2d 444.

■ The instruction complained of by the defendant reads as follows:

"5. The material facts contained in the information which must be proved to your satisfaction and beyond a reasonable doubt by the evidence introduced in this case, are:

"(a) That Bennie Sena contributed to the delinquency of David Nelson, a minor of the age of 17 years, by selling liquor to him.

"(b) That said offense was committed in Curry County, New Mexico, on the 9th day of June, 1949, or at some other time within three years next preceding the 18th day of July, 1949, the date the information was filed in this court."

At the close of the case the following transpired:

"The Court: Does the defendant have any requested instructions?

"Mr. Gore: Defendant has no requested instructions.

"The Court: Does the defendant have any objection to the instructions as submitted by the court?

"Mr. Gore: Defendant has no objections to the instructions as submitted by the court."

Section 42-1117, 1941 Comp. of the Rules of Criminal Procedure provides: "For the preservation of any error in the charge, objection must be made or exception taken to any instruction given; or, in case of a failure to instruct on any point of law, a correct instruction must be tendered, before retirement of the jury. Reasonable opportunity shall be afforded counsel so to object, except or tender instructions."

The defendant having failed to comply with the above Rule is not now in a position to complain that the court erred in the instruction given. State v. Blevins, 39 N. M. 532, 51 P.2d 599; Laws v. Pyeatt, 40 N.M. 7, 52 P.2d 127; State v. Richardson, 48 N.M. 544, 154 P.2d 224; State v. Smith, 51 N.M. 184, 181 P.2d 800; State v. Smith, 51 N.M. 328, 184 P.2d 301.

■ The motion for a new trial does not rely upon the grounds now urged for a reversal, and nothing was said with reference to these matters. As a result none of the alleged errors argued have been properly preserved. It has been many times held by this court that errors, not called to the attention of the trial court, will not be considered on appeal unless they are jurisdictional or of a fundamental character. Where a jurisdictional question is shown, it is not waived and may be raised at any time before or after trial and even for the first time in the appellate court.

Fundamental error is error which goes to the foundation of the case, or which takes from a defendant a right essential to his defense. Where it appears and justice requires this court will consider it whether or not exceptions are taken in the court below or whether or not it be assigned as error on appeal. State v. Garcia, 19 N.M. 414, 143 P. 1012; State v. Garcia, 46 N.M. 302, 128 P.2d 459. There is no jurisdictional or fundamental question presented by the record in this case.

Finding no error warranting a reversal, the verdict and judgment of the lower court are affirmed, and it is so ordered.

BRICE, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.