511 P.2d 763

**CITY OF HOBBS, Plaintiff-Appellee,**

v.

**Seth O. SPARKS, Defendant-Appellant.**

**No. 1131.**

Court of Appeals of New Mexico.

May 30, 1973.

Certiorari Denied June 28, 1973.

Seth O. Sparks, pro se.

OPINION

WOOD, Chief Judge.

The Municipal Court in the City of Hobbs convicted defendant of operating a motor vehicle while under the influence of intoxicants, in violation of a city ordinance. Defendant appealed to the District Court. After trial in District Court, defendant was again found guilty. Defendant, pro se, has appealed to this Court. The City has not appeared in this Court and neither brief nor argument has been submitted on behalf of the City.

Defendant states no points relied on for reversal. His argument is directed to the following matters:

1. He argues the sufficiency of the evidence. We have reviewed the testimony. The testimony of the police officer is sufficient to sustain the conviction. City of Portales v. Shiplett, 67 N.M. 308, 355 P.2d 126 (1960).

2. He asserts he was denied the right to introduce evidence in his own behalf. The record shows he testified in his own behalf. He was given the opportunity to question the police officer but declined to do so. There were no other witnesses. There is nothing showing defendant desired to call additional witnesses or present evidence other than that which was presented. The transcript reference in support of this point shows the trial court instructed defendant not to argue with the court. It does not show he was denied the right to introduce evidence.

3. He contends there is no such thing as "a plain DWI." Defendant made this contention in the trial court after

which the trial court stated it had read the city ordinance. Defendant persisted in his argument; the trial court instructed defendant not to argue. Defendant's contention is that the city ordinance conflicted with State law. The claim apparently is that the city ordinance conflicted with the provisions of the Implied Consent Law. See § 64–22–2.6. N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 2). Section 64–22–2.6, supra, deals with implied consent to tests for determining the alcoholic content of blood if arrested for certain offenses committed while driving a vehicle while under the influence of intoxicating liquor. Section 64–22–2.6, supra, does not define the offense for which defendant was convicted. There is nothing in the record before us which shows a conflict between § 64–22–2.6, supra, and the city ordinance involved in this case. See City of Hobbs v. Biswell, 81 N.M. 778, 473 P.2d 917 (Ct.App.1970).

■ 4. Defendant states he has reason to believe that the results of a breath test were altered; that his constitutional rights were violated because the ". . . hospital, the State Board of Health, and the police department refused to give me the results of my test of blood or breath. . . ." These contentions were never presented to nor ruled on by the trial court. Under existing rules of appellate practice they may not be raised for the first time on appeal. The fact that defendant appears pro se does not alter the applicability of appellate rules. Wilson v. Albuquerque Board of Realtors, 82 N.M. 717, 487 P.2d 145 (Ct.App.1971).

The judgment and sentence of the District Court is affirmed.

It is so ordered.

HERNANDEZ J., concurs.

SUTIN, J. dissenting.

SUTIN, Judge (dissenting).

I dissent.

The "Complaint Misdemeanor" is a blank form; it is not signed, sworn to or subscribed before the police judge. It does not state the violation of any crime contrary to any city ordinance. There was no compliance with § 38–1–2, N.M.S.A.1953 (2nd Repl. Vol. 6). The police judge did not have jurisdiction, and without it there can be no trial, conviction or punishment. City of Elvins v. De Priest, 398 S.W.2d 22, 24 (Mo.Ct.App.1965); Smith v. Abram, 58 N.M. 404, 410, 271 P.2d 1010 (1954).

(2) Section 64–22–11.3, N.M.S.A.1953 (2nd Repl. Vol. 9, pt. 2) provides:

The uniform traffic citation *used as a notice to appear* is a valid complaint, though not verified, in the event the person receiving it voluntarily appears in court. [Emphasis added]

There was no "notice to appear" signed or received by defendant. There was no unsigned "notice to appear" received by defendant. The uniform traffic citation could not be used as a "notice to appear". It was not a valid complaint.

(3) The uniform traffic citation stated:

UNLAWFULLY COMMITTED THE FOLLOWING OFFENSE:
SPEEDING_____MPH IN A_____MPH ZONE_____OR:
OTHER VIOLATION      10–201 D W I
IN VIOLATION OF SECT._____N.M.S.A. 1953 COMP.

———◆———

This is a "jig-saw" complaint, not a valid complaint for violation of a municipal ordinance. What does "10–201" mean? It is not identified as Hobbs Municipal Code. What does "D W I" mean? All I can find in Abbreviations, 1 C.J.S. Abbreviations, p. 276, 1972 Supplement, is "died without issue", a common abbreviation in genealogical tables. Black's Law Dictionary, Fourth Edition, p. 465. There is no

rule found which permits an abbreviation to decide a criminal offense, nor a number to decide a municipal ordinance.

No mention was made of municipal ordinances and no section of New Mexico statutes was set forth. Defendant was not charged with violation of any municipal ordinance or statute.

(4) A prosecution for violation of a municipal ordinance is a civil proceeding with quasi-criminal aspects. City of Elvins v. De Priest, supra; City of Tucumcari v. Belmore, 18 N.M. 331, 137 P. 585 (1913); City of Clovis v. Curry, 33 N.M. 222, 264 P. 956 (1928). On appeal to the district court, the appeal must be governed by the Rules of Civil Procedure, except that the municipality has the burden of proving violation of the ordinance beyond a reasonable doubt. Section 38–1–8(C), N.M.S.A. 1953 (2nd Repl. Vol. 6).

No municipal ordinance of Hobbs appears in the record. " . . . We will not take judicial notice of municipal ordinances. . . ." McKeough v. Ryan, 79 N.M. 520, 521, 445 P.2d 585, 586 (1968).

For all the reasons stated, the conviction should be reversed and defendant discharged. This haphazard method of convicting a person of violation of a municipal ordinance should not be tolerated.