521 P.2d 1031

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Fred A. RALEY, Defendant-Appellant.**

**No. 1274.**

Court of Appeals of New Mexico.

March 13, 1974.

David L. Norvell, Atty. Gen., George A. Morrison, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Anthony F. Avallone, Las Cruces, for defendant-appellant.

## OPINION

SUTIN, Judge.

Defendant was convicted of driving while under the influence of intoxicating liquor contrary to § 64–22–2(A), N.M.S.A. 1953 (2nd Repl. Vol. 9, pt. 2). He appeals. We reverse.

Defendant contends: (1) The State violated magistrate court rules and denied defendant due process, and (2) defendant was not given a reasonable opportunity to arrange for a chemical test by someone of his own choosing.

Section 36–15–3(A), N.M.S.A. 1953 (2nd Repl. Vol. 6) provides that in de novo appeals, " . . . all laws, rules and regulations governing the magistrate court shall govern the trial in the district court."

(1) *There was a violation of statutory magistrate court rules.*

Defendant presents five reasons for violation of magistrate court rules: (1) The complaint contains no facts other than the date and venue. (2) The complaint does not contain the common name of the offense. (3) The complaint does not give the specific section number. (4) The complaint is not a sworn statement. (5) No

amendment of the complaint was sought and none was allowed.

The criminal complaint reads as follows:

Complainant says that on 2–19, 1973, in Dona Ana county of this state, the defendant committed the crime of D.W.I. (common name of offense) contrary to Section 64–22–2, New Mexico Statutes Annotated, 1953 Compilation, in that

_____.

The complaint was signed and subscribed and sworn to before the magistrate. The space provided for facts was left blank. The common name of the offense was "D. W.I."

Rule 21(a) [§ 36–21–21, N.M.S.A. 1953 (2nd Repl.Vol. 6)] reads as follows:

(a) A criminal action is commenced by filing with the Court a complaint consisting of a sworn statement *containing the facts, common name of the offense charged* and, when applicable, *a specific section number* of New Mexico Statutes Annotated, 1953 Compilation, *which contains the offense*. [Emphasis added].

 The contents of Rule 21(a), supra, are mandatory requirements.

The record is clear that the complaint (1) was a sworn statement; (2) § 64–22–2 was a specific section number which did "contain" the claimed offense; (3) no amendment of the complaint was sought.

We are left with two claims of error.

(1) *The complaint contains no facts other than the date and venue.*

 Defendant contends the complaint contains no facts other than the date and venue. We agree. The complaint does not "contain the facts" required under Rule 21(a), supra. State v. Vigil, 85 N.M. 328, 512 P.2d 88 (Ct.App.1973); State v. McMath, 34 N.M. 419, 283 P. 51 (1929); State v. Ardovino, 55 N.M. 161, 228 P.2d 947 (1951).

The facts to be set forth in the complaint are contained in § 64–22–2(A), supra, that the defendant unlawfully drove his vehicle or was in actual physical control of his vehicle, while under the influence of intoxicating liquor. The purpose of a sufficient complaint is to avoid res judicata. State v. Sena, 54 N.M. 213, 216, 219 P.2d 287 (1950).

Under the alternative rule in State v. Vigil, supra, the complaint failed to charge a crime and was invalid.

(2) *The complaint does not contain the common name of the offense.*

The defendant contends the complaint does not contain the common name of the offense as provided in Rule 21(a), supra.

In the district court, defendant moved to dismiss the complaint. The motion was denied.

In the complaint, the initials "D.W.I." were used to designate the common name of the offense. To our knowledge, the phrase "common name of the offense" has not been defined. There is a difference of opinion whether "statutory rape" constitutes a common name of that offense. State v. Vigil, supra. Certainly, the initials "S.R." cannot be considered a common name of a statutory offense.

Webster's definition of "common" has been adopted in New Mexico. It means, among other things, ". . . generally or prevalent. * * * of frequent or ordinary occurrence or appearance; familiar by reason of frequency." Webb v. New Mexico Pub. Co., 47 N.M. 279, 141 P.2d 333 (1943).

The word "name" has many definitions. See Webster's Third New International Dictionary, p. 1501 (1966). One of the definitions is "to mention or identify by name".

To indicate identity, "A name is a word or words, designation or appellation to distinguish a person or thing or class from others, and words indicated by single letters are only less adapted to that purpose than words indicated by several letters." Griffith v. Bonawitz, 73 Neb. 622, 103

N.W. 327, 329 (1905); 65 C.J.S. Names § 1; 28 Words and Phrases, Name, pp. 11, 12.

"Common name of the offense" means a word or words generally or frequently used to identify the offense.

The initials "D.W.I." do not constitute a name. They are not a word or words.

"D.W.I." are initials which may be construed to mean *"Driving While Influenced"*. What influence—intoxicating liquor or drugs? See § 64–22–2, supra. The influence could be manifold. See State v. McMath, supra.

■ The initials may be construed to mean *"Driving While Intoxicated."* Intoxicated by what—liquor or a narcotic or some other chemical agent? The only known abbreviation of "D.W.I." legally is "died without issue". See dissenting opinion, City of Hobbs v. Sparks, 85 N.M. 277, 511 P.2d 763 (Ct.App.1973). Neither do we find "D.W.I." to be initials of which a court will take judicial notice. 31A C.J.S. Evidence § 68.

We cannot approve the use of initials instead of words in a criminal complaint to identify the offense. It can lead to absurdity, uncertainty, vagueness, unidentifiability and mistake.

■ Due process of law requires a specific description of the offense for which a defendant is to be put on trial.

It is not necessary to determine defendant's second contention.

The complaint did not state the facts or the common name of the offense. It was not a complaint upon which a criminal action could be commenced.

The judgment is reversed and the cause remanded with a direction to the district court to dismiss the complaint.

It is so ordered.

HENDLEY, J., specially concurs.

HERNANDEZ, J., dissents.

HENDLEY, Judge (specially concurring).

I concur in the result reached by Judge Sutin. I disagree with the reasoning because of the implication that Rule 21(a), [§ 36–21–21(a), N.M.S.A.1953 (2d Repl. Vol. 1972)], must be so narrowly construed. I see no reason why the requirements of the statement cannot be read together in a common sense manner without technicalities.

Rule 21(a) requires that the statement contain the facts, common name and, when applicable, the specific section number. One essential function of a criminal complaint is to give notice of the crime with which the individual is charged. State v. McMath, 34 N.M. 419, 283 P. 51 (1929). Accordingly, had the complaint referred to subsection (A) of § 64–22–2, N.M.S.A. 1953 (2d Repl. Vol. 1972, pt. 2), relating to driving while "under the influence of intoxicating liquor," I would have no problem in affirming. That subsection of the statute would supplement "D.W.I." as the common name and would also supply the facts, "driving while intoxicated." However, since subsection (B) of § 64–22–2, supra, refers to driving while under the influence of any narcotic drug the complaint as worded, without the specific subsection, could relate to either.

HERNANDEZ, Judge, dissenting.

I respectfully dissent. In my opinion it is common knowledge that the initials, D. W.I., stand for driving while intoxicated and their use constitutes compliance with that part of Rule 21 requiring ". . . a sworn statement containing the facts, common name of the offense charged . . ." since they are both a statement of facts and a name.