This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                **NO. 30,525**

**RAQUEL LUCERO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals from the district court's judgment and sentence entered in a de novo jury trial following her conviction in magistrate court. Defendant moved to dismiss the amended criminal complaint against her, the district court denied the motion and convicted Defendant for aggravated DWI (third offense), driving without insurance, and driving with defective equipment. We issued a notice of proposed summary disposition, proposing to affirm. Defendant responded to our notice with a memorandum in opposition. We have given Defendant's response due consideration and remain unpersuaded that the district court erred. We, therefore, affirm.

On appeal, Defendant asks whether the State should have been allowed to prosecute Defendant in district court for aggravated DWI (third offense), where the criminal complaints filed were deficient. [DS 3] Defendant states that the first two criminal complaints filed charged her with third offense DWI in addition to four other traffic offenses. [Id.] The third criminal complaint lists only the charge of aggravated DWI (third offense) and Defendant complains that it is not a sworn statement. [DS 3-4] Defendant argues that she should not have been prosecuted for aggravated DWI on the basis of this Court's decision in *State v. Raley*, 86 N.M. 190, 521 P.2d 1031 (Ct. App. 1974).

In our notice, we stated that Defendant's citation to *Raley* was not persuasive, and observed many problems with Defendant's argument. It appeared to us that

Defendant should have raised this matter in magistrate court, where she was first prosecuted for aggravated DWI. [RP 71] Regardless, however, we noted that she raised the matter in the de novo trial in district court, and the district court applies its own rules of criminal procedure. Rule 5-204(A) NMRA of the Rules of Criminal Procedure for the district courts addresses defects in the criminal complaint, and states the following.

> A complaint, indictment or information shall not be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected, because of any defect, error, omission, imperfection or repugnancy therein which does not prejudice the substantial rights of the defendant upon the merits.

Where there are variances in the criminal complaint, Rule 5-204(C) also requires prejudice to the defense.

> No variance between those allegations of a complaint, indictment, information or any supplemental pleading which state the particulars of the offense, whether amended or not, and the evidence offered in support thereof shall be grounds for the acquittal of the defendant unless such variance prejudices substantial rights of the defendant. The court may at any time allow the indictment or information to be amended in respect to any variance to conform to the evidence. If the court finds that the defendant has been prejudiced by an amendment, the court may postpone the trial or grant such other relief as may be proper under the circumstances.

The rule precludes relief from an "appeal, or motion made after verdict, based on any such defect, error, omission, repugnancy, imperfection, [or] variance . . . unless it is affirmatively shown that the defendant was in fact prejudiced in the defendant's

defense on the merits." Rule 5-204(D).

In the present case, Defendant has given this Court no indication that she was prejudiced by the inconsistent criminal complaints. In fact, Defendant was prosecuted in magistrate court for the same charges based on the same criminal complaints before she raised any problems about those complaints in district court. [RP 71-72] Under these circumstances, we fail to see how Defendant could establish any prejudice to her defense or other substantial rights.

In response to this discussion, Defendant acknowledges that she received adequate notice of the charges against her, but argues that her equal protection rights were violated because any similarly situated defendant would have been entitled to a sworn statement of facts. [MIO 6] Pursuant to the demands of *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), Defendant contends that this alleged violation of her equal protection rights is a sufficient showing of prejudice. [Id.]

We disagree. Under Rule 5-204, all defendants must establish prejudice, and Defendant's contentions are insufficient to establish prejudice. Therefore, for the reasons stated in this opinion and in our notice, we affirm the district court's judgment and sentence.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

5