This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                              **No. A-1-CA-37597**

**JESSICA BROOKE LACY,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Lauren Joseph Wolongevicz, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     The State has appealed from the dismissal of its petition to revoke Defendant's probation. We previously issued a notice of proposed summary disposition in which we proposed to dismiss the appeal. The State has filed a memorandum in opposition. After due consideration, we dismiss.

{2}     The pertinent background information has previously been set forth. We will avoid undue reiteration here, focusing instead on the substantive content of the memorandum in opposition.

{3}     The State contends that it should be said to have complied with Rule 5-805 NMRA, on the theory that it's reliance upon the probation office's report constituted permissible and routine adoption or incorporation by reference. [MIO 3-5] Alternatively, the State argues that it's failure to set forth each of the alleged violations in its petition should be regarded as immaterial, in light of its reference to the probation office's report. [MIO 2-6] We remain unpersuaded.

{4}     As we previously observed, Rule 5-805 imposes separate requirements upon the probation authority and the district attorney. Subsection (E) specifies that if the probation authority recommends revocation, a written report must be filed with the court describing the essential facts of each violation. Subsection (F) specifies that if the district attorney elects to seek revocation, he or she must file a motion to revoke

"setting forth each of the alleged violations" upon which its motion is based. These are distinct requirements, entailing separate discretionary determinations by the probation authority and the district attorney. To the extent that the State invites us to conflate these provisions, [MIO 5-6] we decline to do so. *See Pincheira v. Allstate Ins. Co.*, 2007-NMCA-094, ¶ 45, 142 N.M. 283, 164 P.3d 982 (indicating that this Court rejects interpretations of rules that render parts of them meaningless or mere surplusage), *aff'd on other grounds*, 2008-NMSC-049, 144 N.M. 601, 190 P.3d 322.

{5}     Moreover, we remain of the opinion that compliance with Rule 5-805(F) is meaningful, in that it requires the State to communicate with clarity and specificity on what grounds it seeks revocation. *See State v. Baldonado*, 1998-NMCA-040, ¶ 21, 124 N.M. 745, 955 P.2d 214 ("[D]ue process under the Fourteenth Amendment to the United States Constitution and [Article II, Section 14] of the New Mexico Constitution require the [s]tate to provide reasonable notice of charges against a person and a fair opportunity to defend; rights which may not be ignored or trivialized." (internal quotation marks and citation omitted)). Although the State contends that the district court's stated concerns about notice in this case were baseless, [MIO 6-7] we disagree. The State's failure to comply with Subsection (F) was problematic, given that the report filed by the probation authority was replete with

3

abbreviations and unclear about the impact that Defendant's ingestion of cold medication might have had upon the lab report. [RP 147] Under the circumstances, the district court's concerns were not unfounded. *See, e.g.*, *State v. Raley*, 1974-NMCA-024, ¶¶ 24-25, 31, 86 N.M. 190, 521 P.2d 1031 (Hendley, J., specially concurring) (observing that "[o]ne essential function of a criminal complaint is to give notice of the crime with which the individual is charged[,]" indicating that due process of law requires a specific description of the offense, and ultimately disapproving of the use of initials instead of words in criminal complaints to identify the offense in light of the fact that this can lead to "absurdity, uncertainty, vagueness, unidentifiability and mistake"). We therefore conclude that the district court's election to dismiss the petition was well within its authority and discretion. *See id.* (illustrating that dismissal is appropriate where a charging document supplies inadequate notice); *see also State ex rel. N.M. State Highway & Transp. Dep't v. Baca*, 1995-NMSC-033, ¶¶ 11-12, 120 N.M. 1, 896 P.2d 1148 (explaining that the sanction provisions in the procedural rules do not displace the court's inherent power to impose sanctions "to regulate their docket, promote judicial efficiency, and deter frivolous filings" (internal quotation marks and citation omitted)); *State v. Candelaria*, 2008-NMCA-120, ¶¶ 12,

22, 144 N.M. 797, 192 P.3d 792 (recognizing the inherent authority of the courts to dismiss a criminal prosecution as a sanction against the government).

{6}     Accordingly, for the reasons described in the notice of proposed summary disposition and above, we reject the State's assertion that the district court's disposition is contrary to law. We therefore dismiss the instant appeal. *See State v. Montoya*, 2011-NMCA-009, ¶¶ 5, 26, 149 N.M. 242, 247 P.3d 1127 (explaining that the state is entitled to pursue appeals from the dismissal of probation revocation matters only to the extent that the district court's disposition is contrary to law).

{7}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**JULIE J. VARGAS, Judge**