825 P.2d 1249

Ernest Jose GALLEGOS, Petitioner,

v.

STATE of New Mexico, Respondent.

No. 20060.

Supreme Court of New Mexico.

Feb. 10, 1992.

Sammy J. Quintana, Chief Public Defender, Susan Roth, Asst. Appellate Defender, Santa Fe, for petitioner.

Tom Udall, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

RANSOM, Chief Justice.

We granted certiorari to review an unpublished opinion of the court of appeals affirming defendant's convictions of third-degree larceny, NMSA 1978, Section 30–16–1 (Repl.Pamp.1984), conspiracy to commit larceny, NMSA 1978, Section 30–28–2 (Repl.Pamp.1984), and aggravated assault, NMSA 1978, Section 30–3–2 (Repl.Pamp. 1984). Arguing the value of the property stolen was $900, defendant tendered an instruction for fourth-degree larceny as a lesser included offense of third-degree larceny. The trial court refused the instruction. Citing *State v. Isiah*, 109 N.M. 21, 781 P.2d 293 (1989), and *State v. Johnson*, 103 N.M. 364, 707 P.2d 1174 (Ct.App.), *cert. quashed*, 103 N.M. 344, 707 P.2d 552 (1985), the court of appeals affirmed, stating that "The trial court did not err in refusing a lesser included offense instruction that was a misstatement of the applicable law." On different rationale, we affirm.

■ Under Section 30–16–1, larceny over $100 but not more than $2,500 is a fourth-degree felony,[1] and it is a third-degree felony if over $2,500 but not more than $20,-000. The testimony adduced at trial indicated that the cash box Gallegos had stolen contained $900 in cash and approximately $3,200 in checks. The checks were neither stamped for deposit nor endorsed. Gallegos sought the instruction on fourth-degree larceny on the theory that the checks were worthless. We disagree. The generally followed rule in jurisdictions that have decided this issue is that the value of a check, in the absence of proof to show a lesser value, is measured by what the owner of the check could expect to receive for the check at the time of the theft, *i.e.*, the check's face value. *People v. Marques*, 184 Colo. 262, 520 P.2d 113, 116 (1974) (en banc) (5–2 decision) (the prima facie value of a check is its face value); *Bigbee v. State*, 173 Ind.App. 462, 364 N.E.2d 149, 153 (1977) (2–1 decision) (the amount written upon the face of a negotiable bearer instrument is competent evidence relating to its value); *State v. Evans*, 669 S.W.2d 708, 712 (Tenn.Crim.App.1984) (value of the check here is presented by the face amount of the check); *State v. McClellan*, 82 Vt. 361, 73 A. 993, 994 (1909) (value of check is the amount it represents if the check is good); *see also* Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 8.4(b), at 353 ("In the case of property of intrinsically small value which represents a contract or property right of much greater value ... it is the latter value which is important in larceny cases.") (1986). There being no evidence to suggest that fourth-degree larceny was the highest degree of the offense charged, refusal of that instruction was not erroneous. *See State v. Escamilla*, 107 N.M. 510, 512, 760 P.2d 1276, 1278 (1988) (lesser included offense instruction proper only if there is evidence tending to establish the lesser offense and if there is some view of the evidence which could sustain a finding that the lesser offense was the highest degree of the crime committed).

■ The rationale employed by the court of appeals in affirming the trial court appears, however, to have been based on failure of defendant to preserve error under Rule 5–608:

[F]or the preservation of error in the charge, objection to any instruction given must be sufficient to alert the mind of the court to the claimed vice therein, or, in case of failure to instruct on any issue, a correct written instruction must be tendered before the jury is instructed. Before the jury is instructed, reasonable opportunity shall be afforded counsel so to object or tender instructions, on the record and in the presence of the court.

---

1. A 1987 amendment to Section 30–16–1 substituted $250 for $100 in defining the fourth-degree felony. NMSA 1978, § 30–16–1 (Repl. Pamp.1991). That amendment postdates the charge under consideration here.

SCRA 1986, 5–608(D). The court of appeals relied on a use note to Uniform Jury Instruction 14–1601 that, if the charge is a third-degree felony, the instruction should read "market value over $2,500," and, if it is a fourth-degree felony, then "market value over $100." SCRA 1986, 14–1601. In his requested instruction for the fourth-degree felony, defendant substituted "under $2,500" for the term "over $100." The court of appeals held:

> If defendant wished the jury to consider lesser larceny offenses, and to consider his theory that the checks stolen were non-negotiable and therefore had no market value, then his tendered instruction should have included the essential elements of the lesser crime (i.e., value of property stolen over $100). The tendered instruction did not allow the jury to determine whether a petty misdemeanor or a fourth degree felony was committed. *See* [*Isiah* and *Johnson*]. Thus, the jury instruction was fatally flawed because it failed to contain an essential element of the crime. *See State v. Southerland,* 100 N.M. 591, 673 P.2d 1324 [ (Ct.App.), *cert. denied,* 100 N.M. 689, 675 P.2d 421 (1983) ]. The trial court did not err in refusing a lesser included offense instruction that was a misstatement of the applicable law. *See State v. Isiah* [, 109 N.M. at 31, 781 P.2d at 303]. Moreover, the trial court was required to give an unmodified uniform instruction defining the elements of the crime. *See id.*

We have stated that tendered jury instructions must be totally, not merely partially, correct. *State v. Stettheimer,* 94 N.M. 149, 607 P.2d 1167 (Ct.App. 1980). Moreover, an error in failing to list an essential element of the crime would enable defendant, if convicted of the lesser offense, to claim jurisdiction error on appeal. Courts are not required to give instructions containing such error. *See State v. Smith,* 104 N.M. 729, 726 P.2d 883 [ (Ct.App.), *cert. denied,* 104 N.M. 702, 726 P.2d 856 (1986) ].

Defendant contends that his proffered instruction included the correct elements of the larceny crime, and that his modification of the uniform jury instruction was minor and therefore inconsequential. We agree. The issue was whether the value of the stolen property was $4,100 or $900, *i.e.,* whether the value was more or less than $2,500. There was no issue whether the value was over $100. If supported by the evidence, the court should have given the fourth-degree felony instruction, either modified as requested or as stated in the use note to UJI 14–1601.

But a "correct written instruction" is not the issue here. True, the court of appeals specifically refused to consider defendant's argument that the checks were worthless: "Because we hold that the proffered instruction was incorrect, we need not reach defendant's argument of whether a lesser included offense instruction should have been given because the checks stolen were not negotiable, and, therefore, the value of the property stolen was less than $2,500." Clearly, however, the defendant's position on that point was made known to the trial court, and, had the court erred in denying as a matter of law the argument that the checks were worthless, such error would have been preserved regardless of any technical application Rule 5–608(D).

Furthermore, as to Rule 5–608(D), we reject any notion that, in case of failure to instruct on any issue, the phrase "a correct written instruction must be tendered before the jury is instructed" has any application when refusal of the instruction on a lesser included offense depends upon a requested modification of the uniform jury instruction. If the court believes no modification is appropriate, the court should instruct in the exact language of the uniform jury instruction. The party requesting the modification can preserve error by alerting the mind of the court to any vice claimed to be present in the uniform jury instruction. The phrase "correct written instruction" must be read in light of the purpose of the Rule, which is to allow the court an opportunity to decide a question whose dimensions are not open to conjecture or after-the-fact interpretation.

Defendant's convictions are affirmed on the rationale herein stated, and on the rationale of the memorandum opinion of the court of appeals with respect to other issues raised.

IT IS SO ORDERED.

BACA and FRANCHINI, JJ., concur.