867 P.2d 1208

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Patrick CAVANAUGH, Defendant–
Appellant.**

No. 14480.

Court of Appeals of New Mexico.

Dec. 6, 1993.

Certiorari Denied Jan. 19, 1994.

Tom Udall, Atty. Gen., Ann M. Harvey, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Amme M. Hogan, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

PICKARD, Judge.

Defendant appeals his conviction for driving while under the influence of intoxicating liquor contrary to NMSA 1978, Section 66–8–102 (Cum.Supp.1993) and resisting, evading, or obstructing an officer contrary to NMSA 1978, Section 30–22–1(B) (Repl.Pamp.1984). Defendant argues that (1) he was given inadequate notice of the charges against him, (2) statements made by him to the arresting officer should have been suppressed, (3) there was insufficient evidence to support his conviction, (4) the trial judge erred in refus-

ing a tendered jury instruction, (5) the trial judge erred in denying his request to poll the jury about an alternative jury instruction, and (6) cumulative error deprived him of a fair trial. We affirm as to all issues.

## FACTS

Defendant was a passenger in a car owned and driven by Mr. Layne McGinty. McGinty's car was pulled over by Officer Terry Gallagher on suspicion of drunk driving. When McGinty failed a field sobriety test, Officer Gallagher asked Defendant and the other passengers in the car whether any of them had been drinking. Officer Gallagher testified that he did not ask this question for the purpose of issuing a citation, but rather to determine if anyone could drive the car home for McGinty. Defendant said that he had not been drinking. Upon smelling liquor on Defendant's breath, Officer Gallagher asked Defendant again if he had been drinking. Defendant then answered that he had had two beers that night. Officer Gallagher gave Defendant a field sobriety test, from which Officer Gallagher concluded that Defendant was not capable of driving. While Officer Gallagher radioed for backup, Defendant got behind the wheel of McGinty's car, sped off, and led Officer Gallagher and another officer, Officer Terry Colwell, on a high-speed chase. After his arrest, a blood alcohol content (BAC) test was given to Defendant, the results of which showed his BAC to be above the legal limit for driving.

## ADEQUACY OF NOTICE OF THE OFFENSE CHARGED

■ Defendant argues that he was given inadequate notice as to the charge of driving while under the influence of intoxicating liquor. Relying on *State v. Raley*, 86 N.M. 190, 521 P.2d 1031 (Ct.App.), *cert. denied*, 86 N.M. 189, 521 P.2d 1030 (1974), Defendant contends that he was given insufficient notice because of the use of the acronym "DWI" in the charging documents. In *Raley*, we held that a criminal complaint for driving under the influence of intoxicating liquor requires a more specific description of the offense than simply "DWI" because those initials standing alone could mean driving either while under the influence of alcohol or while under the influence of drugs. *Id.* at 192, 521 P.2d at

1033. In the instant case, however, the criminal complaint stated as an essential fact that defendant was arrested after "driving under the influence of alcohol." Even if *Raley* is still good law, we hold that this provided Defendant with adequate notice of the charges against him.

## STATEMENTS MADE BY DEFENDANT TO OFFICER GALLAGHER

Defendant argues that the trial court should have suppressed his statements to Officer Gallagher regarding his drinking because they were involuntary and because they were made prior to his being given warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In reviewing this issue, we consider "whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party; all reasonable inferences in support of the court's decision will be indulged in, and all inferences or evidence to the contrary will be disregarded." *State v. Boeglin*, 100 N.M. 127, 132, 666 P.2d 1274, 1279 (Ct.App.1983).

■ Statements made to an officer prior to the giving of *Miranda* warnings must be suppressed only when the statements are the product of a custodial interrogation. *State v. Chamberlain*, 112 N.M. 723, 728, 819 P.2d 673, 678 (1991). Whether an individual is in police custody is determined by how a reasonable person in the individual's position would have understood the situation. *Id.* Interrogation occurs when an officer subjects an individual to questioning or circumstances which the officer knows or should know are reasonably likely to elicit incriminating responses. *See State v. Ybarra*, 111 N.M. 234, 238, 804 P.2d 1053, 1057 (1990). In the instant case, Defendant had committed no crime at the time Officer Gallagher asked Defendant whether he had been drinking. Further, there was no indication that Officer Gallagher should have known that Defendant would subsequently speed off in McGinty's car. Thus, there was no reason for Officer Gallagher to know that his questions would produce a response that would later prove to be incriminating. Even assuming that Defendant was in custody at the time of his

statement, which we do not, Defendant's statements to Officer Gallagher were not the products of interrogation.

## SUFFICIENCY OF THE EVIDENCE

Defendant argues that the State presented insufficient evidence to support a conviction either for driving under the influence of intoxicating liquor or for driving with a BAC of .10% or higher. When a defendant attacks a conviction on sufficiency of the evidence grounds, we view testimony and resolve inferences from the evidence in the light most favorable to the verdict. *State v. Baca*, 111 N.M. 270, 276, 804 P.2d 1089, 1095 (Ct.App. 1990), *cert. denied*, 111 N.M. 164, 803 P.2d 253 (1991).

### A. *Driving Under the Influence of Intoxicating Liquor*

■ Defendant contends that there was insufficient evidence to support a conviction for driving under the influence of intoxicating liquor. At trial, Officer Gallagher testified that Defendant offered to drive McGinty's car home. Officer Gallagher further testified that he smelled liquor on Defendant's breath, that Defendant admitted that he had been drinking, and that Defendant failed a field sobriety test. Officer Gallagher therefore concluded that Defendant was in no condition to drive and asked Defendant simply to wait in McGinty's car. While Officer Gallagher was calling for backup, Defendant got behind the wheel of McGinty's car and sped off. Defendant then led Officer Gallagher and Officer Colwell, the backup officer, on a chase at speeds of up to eighty miles per hour. Defendant's vehicle was weaving. When he was eventually pulled over, Defendant resisted arrest and kicked at the officers after being handcuffed. This evidence was sufficient for a rational jury to conclude that Defendant drove while under the influence.

### B. *Driving With a Blood Alcohol Content of .10% or Higher*

■ Defendant also argues that there was insufficient evidence to support a verdict that his BAC was .10% or more at the time he was driving. One hour and forty minutes after being arrested, Officer Colwell administered a BAC test on Defendant on an Intoximeter 3000 machine that he was certified to operate. The results of the test showed Defendant to have a BAC of approximately .13%. Defendant first argues that the results of the test should not have been admitted into evidence because Officer Colwell did not know how to administer the test properly. However, Officer Colwell testified that the machine had been calibrated the week before the test was given to Defendant. *See Plummer v. Devore*, 114 N.M. 243, 245, 836 P.2d 1264, 1266 (Ct.App.) (showing of proper machine calibration must be made before BAC tests are admissible), *cert. denied*, 114 N.M. 82, 835 P.2d 80 (1992). Once this threshold foundation was laid, any questions about Officer Colwell's ability to give a BAC test went to the weight of the evidence, not its admissibility. *See State v. Eden*, 108 N.M. 737, 743, 779 P.2d 114, 120 (Ct.App.), *cert. denied*, 108 N.M. 681, 777 P.2d 1325 (1989).

■ Defendant next argues that, assuming that the test results were properly admitted, there was still insufficient evidence of a BAC of .10% or higher at the time Defendant was driving. Defendant's reliance on *Commonwealth v. Modaffare*, 601 A.2d 1233 (1992), for this argument is misplaced because that case is distinguishable from this case. In *Modaffare*, the defendant was involved in a traffic accident. *Id.* at 1234. One hour and fifty minutes later he was given a BAC test, which registered .108%, a result the court characterized as just "barely" over the limit. *Id.* at 1234, 1235. The *Modaffare* court reversed the defendant's conviction for driving with a BAC over .10%. *Id.* at 1236. However, the only other evidence in that case of the defendant's intoxication at the time he was driving was the fact that he had been drinking at two taverns sometime earlier in the evening. *Id.* Also, a physician had testified that the defendant's BAC may have peaked after the accident but before the test was given. *Id.* at 1235.

In the instant case, by contrast, testimony was given by Officers Gallagher and Colwell which tended to show Defendant's intoxication immediately before, during, and imme-

diately after Defendant drove the vehicle. Further, there was no evidence presented that Defendant's BAC peaked after he drove the car. As the BAC test results were admissible and sufficiently over the limit, we hold that under the facts of this case, Defendant's blood alcohol content at the time of testing, combined with the evidence of Defendant's behavior before, at, and after the time of driving, could reasonably have led the jury to infer that Defendant's blood alcohol content was .10% or more when he drove McGinty's car. *See Baca,* 111 N.M. at 276, 804 P.2d at 1095 (criminal conviction valid even if supported by circumstantial inference alone, so long as the inference is logical and not based on surmise).

## DEFENDANT'S TENDERED INSTRUCTION NO. 1

The trial court refused Defendant's requested jury instruction No. 1 on the ground that no evidence had been presented to support it. The tendered instruction, which Defendant offered to support his theory that he was not under the influence of intoxicating liquor at the time he drove, reads as follows:

Test results showing the percentage of weight of alcohol in the blood of the defendant at the time that the test was given have been introduced into evidence. With other evidence, these test results may be considered for the purpose of determining whether or not the defendant was under the influence of intoxicating liquor at the time of the incident.

If you find that the defendant's blood at the time of the incident contained five one-hundredths of one percent (.05%) or less by weight of alcohol, you must find that he was not under the influence of intoxicating liquor unless you are convinced beyond a reasonable doubt from all the evidence that the defendant was under the influence of intoxicating liquor at the time of the incident.

If you find that the defendant'[s] blood at the time of the incident contained more than five one-hundredths of one percent (.05%) but less than one-tenth of one percent (.10%) by weight of alcohol, you should consider such findings along with other competent evidence for the purpose of determining whether or not the defendant was under the influence of intoxicat-

ing liquor. However, you may do so only if on considering all the evidence, you are convinced beyond a reasonable doubt that the defendant was intoxicated at the time of the incident.

Contrary to the State's contention, this instruction was an accurate statement of the law. *See* NMSA 1978, § 66–8–110 (Repl. Pamp.1987).

The second paragraph of this instruction contained an express and specific presumption of Defendant's innocence if the jury found that his BAC was less than .05%. Such an instruction could have been helpful to Defendant if there was evidence to support it. The third paragraph of the instruction, standing alone, is virtually meaningless. Defendant contends that he was entitled to the instruction because the jury could have extrapolated that his BAC was less than .10% at the time of the incident. However, although sufficient evidence was presented to indicate that Defendant's BAC was more than .10% at the time of driving, no evidence was introduced to show that Defendant's BAC was less than .05%. A defendant is entitled to a jury instruction that supports his theory of the defense only if the instruction is supported by the evidence. *State v. Rodriguez,* 84 N.M. 60, 61, 499 P.2d 378, 379 (Ct.App.1972); *see Gallegos v. State,* 113 N.M. 339, 341, 825 P.2d 1249, 1251 (1992). Defendant's mere speculation that it was possible that his BAC at the time of driving was less than the legal limit is not evidence supportive of his tendered jury instruction. There was absolutely no evidence that Defendant's BAC was less than .05% so as to entitle him to the portion of the instruction that would have been helpful to him, the second paragraph. Even if there was evidence to support that Defendant's BAC was between .05% and .10%, that portion of the instruction, the third paragraph, would not have been at all helpful to Defendant's defense. *See State v. Wright,* 84 N.M. 3, 5, 498 P.2d 695, 697 (Ct.App.1972) (harmless error). The trial court did not err in refusing the instruction.

## DENIAL OF DEFENDANT'S REQUEST TO POLL THE JURY

The jury was given an instruction that allowed it to find Defendant guilty of DWI if

it found that he was driving under the influence of intoxicating liquor or, in the alternative, if it found that he was driving while he had a BAC of .10% or more. *See* § 66–8–102(A) & (C); SCRA 1986, 14–4501; SCRA 1986, 14–4503 (Cum.Supp.1993). The trial court also gave an instruction that the verdict must be unanimous. After the verdict was returned, the judge polled the jury to determine its concurrence in the verdict. Defendant then requested that the jurors be polled to determine upon which of the two alternatives the verdict was based. The trial court denied this request. Defendant argues that the denial was error because it precluded him from ensuring the unanimity of the verdict. We disagree.

 A verdict in a criminal case must be unanimous. *State v. Dobbs,* 100 N.M. 60, 70, 665 P.2d 1151, 1161 (Ct.App.), *cert. quashed,* 100 N.M. 53, 665 P.2d 809 (1983). The fact that a jury instruction is given in the alternative does not mean that a guilty verdict reached by that jury is non-unanimous. *State v. Utter,* 92 N.M. 83, 86, 582 P.2d 1296, 1299 (Ct.App.), *cert. denied,* 92 N.M. 79, 582 P.2d 1292 (1978). A guilty verdict on such an instruction will be upheld if the jury is instructed that its verdict must be unanimous, if the jury indicates that its verdict is unanimous, and if there is no reason to assume that the verdict is not unanimous. *Id.* However, when an instruction in the alternative includes multiple alternative elements, we have held that a trial court should, if requested, add a cautionary instruction that the jurors must be unanimous as to the way of committing the offense. *See Dobbs,* 100 N.M. at 70–71, 665 P.2d at 1161–62; *see also State v. Altgilbers,* 109 N.M. 453, 469, 786 P.2d 680, 696 (Ct.App.1989), *cert. denied,* 109 N.M. 419, 785 P.2d 1038 (1990).

 Again, in this case, the purpose of jury polling was fulfilled when a poll was conducted to ensure that all of the jurors agreed with the verdict that Defendant was guilty of DWI. *State v. Holloway,* 106 N.M. 161, 164, 740 P.2d 711, 714 (Ct.App.), *cert. denied,* 106 N.M. 405, 744 P.2d 180 (1987). On the other hand, we view Defendant's re-quest to poll the jury that returned a general verdict as to which alternative way each juror arrived at the verdict as an improper attempt to impeach that verdict. *See* SCRA 1986, 11–606(B) (upon inquiry into validity of verdict, juror may not testify as to any matter occurring during the course of deliberations); *see also Sanchez v. Martinez,* 99 N.M. 66, 73, 653 P.2d 897, 904 (Ct.App.1982) (jury poll improper for the purpose of revealing jury's determination of factual issues underlying the verdict). In this case, Defendant's right to a unanimous verdict was safeguarded by the general instruction on unanimity. *See Utter,* 92 N.M. at 86, 582 P.2d at 1299; *Dobbs,* 100 N.M. at 71, 665 P.2d at 1162. Further, Defendant could have tendered a cautionary instruction specifically as to unanimity on the alternative instruction, but he did not. *See Dobbs,* 100 N.M. at 70–71, 665 P.2d at 1161–62. Finally, Defendant has not shown any indication that the verdict was not unanimous. He relies on his bare request to poll the jury to make such a showing. However, more evidence than this request is necessary to indicate that the verdict was non-unanimous. *See, e.g., Holloway,* 106 N.M. at 166, 740 P.2d at 716 (unanimity uncertain when juror gives indefinite response as to the defendant's guilt).

We hold that the trial judge did all that was required of him under the circumstances of this case to ensure that the verdict was unanimous, and there was no indication of non-unanimity. We therefore see no reason to look behind that verdict. *See Dobbs,* 100 N.M. at 71, 665 P.2d at 1162; *Utter,* 92 N.M. at 86, 582 P.2d at 1299.

CUMULATIVE ERROR

As discussed above, we find that there was no error in this case. Consequently, we need not address Defendant's argument of cumulative error.

CONCLUSION

In accordance with our opinion, we affirm the judgment of the district court.

IT IS SO ORDERED.

ALARID and CHAVEZ, JJ., concur.