This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                                                  **NO. 28,299**

**JERRY RUDOLPH,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Eugenio S. Mathis, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals his conviction for per se driving while under the influence (DWI), contrary to NMSA 1978, Section 66-8-102(C)(1) (2005) (amended 2008). Defendant contends that because the State did not prove that his blood alcohol concentration (BAC) exceeded .08 at the time of driving, the jury's guilty verdict is not supported by sufficient evidence. We agree with Defendant and accordingly vacate his conviction.

**I.      BACKGROUND**

The following facts were presented at trial. At 12:17 a.m. on February 15, 2007, an officer received a tip that involved a possible drunk driver in a white pickup truck. The officer observed Defendant driving a vehicle that matched the description and followed Defendant to a residence. Defendant did not use a turn signal before turning into the carport of the residence. The officer pulled up directly behind Defendant's vehicle and activated his emergency lights.

The officer stopped Defendant before he entered the house and noticed that Defendant slurred his words and smelled of alcohol. In addition, Defendant admitted to drinking that night, but he refused to take the field sobriety tests. At 12:48 a.m., the officer arrested Defendant for DWI. The officer then obtained a warrant for a blood sample and drove Defendant to the hospital. Defendant's blood was drawn at 2:55

a.m., and the resulting chemical analysis showed .11 BAC.

At trial, the State relied solely on Defendant's .11 BAC result to establish that his BAC was greater than .08 at the time of driving. The jury found Defendant guilty of per se DWI. Defendant appeals, arguing that there was insufficient evidence to support his conviction.

## II.   DISCUSSION

### A.   Standard of Review

In reviewing a judgment for sufficiency of evidence, we examine the record to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 130-31, 753 P.2d 1314, 1318-19 (1988). Furthermore, this Court will "resolve all disputed facts in favor of the [s]tate, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 13, 137 N.M. 597, 113 P.3d 867 (internal quotation marks and citation omitted). Our role is not to weigh the evidence, nor do we "substitute [our] judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." *Sutphin*, 107 NM. at 131, 753 P.2d at 1319.

### B.   Sufficiency of the Evidence

We observe that since Defendant's arrest in 2007, the Legislature has amended the per se DWI statute to include language prohibiting the operation of a vehicle if the person's BAC is .08 or greater within three hours of driving. *See* NMSA 1978, § 66-8-102(C)(1) (2008). The version of Section 66-8-102(C)(1) that was in effect at the time of Defendant's arrest does not include the three-hour window. We analyze Defendant's argument, however, under the statute that was in effect at the time of the offense. *See State v. Perea*, 2001-NMSC-026, ¶¶ 2-3, 130 N.M. 732, 31 P.3d 1006 (applying the version of the statute in effect on the date of the offense).

In order for a jury to convict a defendant of per se DWI, the state must prove beyond a reasonable doubt that a defendant's BAC was at or more than .08 at the time of driving. *See* § 66-8-102(C)(1); *State v. Christmas*, 2002-NMCA-020, ¶ 20, 131 N.M. 591, 40 P.3d 1035 ("The per se offense under Subsection C relates to the time of driving."). Thus, under the applicable version of Section 66-8-102(C)(1), the State must present evidence to prove a nexus between the BAC test resulting in .08 or greater and the time of driving. *State v. Baldwin*, 2001-NMCA-063, ¶ 8, 130 N.M. 705, 30 P.3d 394.

Defendant, relying primarily on *State v. Day* (*Day II*), 2008-NMSC-007, 143 N.M, 359, 176 P.3d 1091, which reversed *State v. Day* (*Day I*), 2006-NMCA-124, 140 N.M. 544, 144 P.3d 103, argues that because the BAC test was conducted two and

4

one-half hours after his arrest, retrograde extrapolation evidence was necessary to prove his BAC at the time of driving. The State acknowledges that no retrograde extrapolation testimony was presented in this case, but argues that *Day II* is factually distinguishable. Further, the State points to several pre-*Day* cases, specifically *State v. Collins*, 2005-NMCA-044, 137 N.M. 353, 110 P.3d 1090, *superceded on other grounds by regulation as stated in State v. Willie*, 2008-NMCA-030, ¶ 13, 143 N.M. 615, 179 P.3d 1223; *Baldwin*, 2001-NMCA-063; and *State v. Cavanaugh*, 116 N.M. 826, 867 P.2d 1208 (Ct. App. 1993), to support its position that Defendant's BAC of .11 was excessive enough to eclipse the need for scientific retrograde evidence; thus, the evidence presented at trial supported Defendant's conviction beyond a reasonable doubt.

We begin with a discussion of the *Day* cases. Then we address the State's reliance on several pre-*Day* cases and its assertion that Defendant's case is factually distinguishable from *Day II*.

**1.    *Day* Cases**

In *Day I*, this Court reversed the defendant's conviction for per se DWI because the state failed to present evidence linking a BAC test to the time of driving. 2006-NMCA-124, ¶ 25. In that case, the officer conducted the BAC test one hour and six minutes after the defendant was stopped. *Id.* This Court reasoned that "[t]he

5

relation-back endeavor is not something the jurors could rationally do without evidence of the scientific process related to the facts of the case that were necessary for an absorption-elimination analysis." *Id.* Further, the Court concluded that it was the state's burden to provide such scientific evidence in order to prove guilt beyond a reasonable doubt. *Id.* Elaborating, the Court stated that scientific evidence is required whenever the state wishes to connect a latter-performed BAC test with an earlier BAC. *Id.* Because the state did not present such scientific evidence, the defendant's conviction could not stand. *Id.*

In *Day II*, our Supreme Court considered the evidence presented at trial and concluded that the defendant's conviction was supported by substantial evidence. 2008-NMSC-007, ¶¶ 23, 26. Although the state did not provide an expert to testify regarding retrograde extrapolation, the defendant had offered such testimony in presenting his defense. *Id.* ¶ 26. As a result, the jury received testimony about the way that the body processes alcohol and therefore had a basis on which to find that the defendant's BAC test related back to the time of driving. *Id.* ¶¶ 24, 25. Additionally, the *Day II* Court limited the use of behavioral evidence—evidence of the defendant's appearance and actions—to the calculation of a scientific retrograde analysis. *Id.* ¶ 32. According to *Day II*, behavioral evidence is not "sufficient to show the required nexus between a BAC test and an earlier BAC." *Id.* With *Day I* and *Day II* as

6

background, we turn to the State's arguments.

**2.      Reliance on *Collins, Baldwin*, and *Cavanaugh***

The State argues that Defendant's BAC was excessive enough to eliminate the need for retrograde extrapolation evidence.  The State first relies on *State v. Collins* because it was cited in *Day I* as support for the proposition that retrograde extrapolation evidence is not required when the BAC is ascertained immediately after driving or when the result of a later-taken BAC is extremely high.  *See Day I*, 2006-NMCA-124, ¶ 23.  Although we ultimately conclude that *Day II* controls in the present case, we address the State's argument nevertheless.

In *Collins*, soon after arrest, the defendant was found to have a BAC of between .17 and .18. 2005-NMCA-044, ¶ 3.  He was charged with aggravated DWI, requiring a BAC of .16 or above, as well as the lesser included charge of DWI, requiring a BAC of only .08 or above.  *Id.* ¶ 4.  This Court concluded that the jury's determination that the BAC results did not support a conviction of *aggravated* DWI did not prevent the jury from also finding that the BAC results were "probably indicative of a BAC somewhere between .08 and .15."  *Id.* ¶ 51.  Thus, in *Collins* the defendant's BAC result was so far above the .08 threshold that it was reasonable for the jury to rely on the result.  We observe that *Collins* did not consider a time delay between driving and

the administration of the test.

We are not persuaded that *Collins* is a sufficient basis for us to alleviate the State's burden of proof in the present case. Here, the test was administered two and a half hours after driving, and the .11 result was not nearly so high as the .17 to .18 range from *Collins*. In addition, the delay between driving and testing was significant. This Court has previously explained that per se DWI convictions are reversed based on "a lack of relation-back evidence" when "the lapse of time between the time of driving and the time of BAC testing is at least two hours." *State v. Martinez*, 2002-NMCA-043, ¶ 12, 132 N.M. 101, 45 P.3d 41. Given the length of time involved, as well as the significantly lower BAC result than was present in *Collins*, we are not persuaded that *Collins* and the dictum from *Day I* apply to the present case.

The State also relies on *Baldwin* and *Cavanaugh*, cases in which this Court held that a jury can infer a defendant's guilt as to DWI based on behavioral evidence together with a sufficiently high BAC. *See Baldwin*, 2001-NMCA-063, ¶¶ 23-24 (reversing conviction on per se DWI because evidence of unremarkable contemporaneous behavior together with a .08 BAC test taken over two hours after arrest was insufficient ); *Cavanaugh*, 116 N.M. at 829-30, 867 P.2d at 1211-12 (affirming conviction of per se DWI when the defendant tested at a BAC of approximately .13 one hour and forty minutes after arrest and officers testified to the

defendant's intoxicated behavior immediately before, during, and after driving the vehicle). In the present case, the State argues that police testimony regarding Defendant's appearance at the time of arrest at 12:48 a.m.—along with Defendant's .11 BAC at 2:55 a.m.—is enough to permit the jury to relate Defendant's BAC back to the time of driving. *Day II*, however, instructs that behavioral evidence is no longer relevant to establish the nexus between a BAC result and the time of driving. 2008-NMSC-007, ¶ 32. According to *Day II*, behavioral evidence only has relevance in the context of retrograde extrapolation evidence. *See id.* No scientific evidence was offered in the present case, and the police testimony as to Defendant's behavior at the time of driving is therefore irrelevant to establish the requisite nexus between the time of the blood test and the time of driving. Thus, neither *Cavanaugh* nor *Baldwin* support the State's argument.

**3.      Comparison of Facts in the *Day* Cases to the Present Case**

The State asserts that because the *Day* cases dealt with a BAC of .08, instead of .11 as in the instant case, the holdings are limited to cases where a defendant's BAC is "marginal." We disagree. The *Day* opinions do not address a maximum BAC, and we find no language in either case with the limitation suggested by the State. *See State v. Lewis*, 2008-NMCA-070, ¶ 21, 144 N.M. 156, 184 P.3d 1050 ("[C]ases are not authority for propositions not considered." (alteration in original) (internal

9

quotation marks and citation omitted)). To the contrary, *Day II* specifically states that if an earlier BAC is to be inferred from a later BAC test result, the fact finder must have knowledge of the scientific process of how the alcohol absorption/metabolism curve works over time. 2008-NMSC-007, ¶ 31. We conclude that *Day II* is controlling. Because the jury here was asked to deduce a BAC based on a test result conducted two and one-half hours later, we conclude that *Day II* requires that scientific evidence be presented to make the connection. Without this evidence, the State failed to meet its burden to prove Defendant guilty of per se DWI beyond a reasonable doubt.

**III.   CONCLUSION**

Based on the above analysis, we hold that Defendant's conviction was not supported by substantial evidence, and we vacate Defendant's conviction for per se DWI.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

10

_____

**TIMOTHY L. GARCIA, Judge**