This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 31,727**

**ZACHARIAH ANDERSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stanley Whitaker, District Judge**

Gary K. King, Attorney General
Pranava Upadrashta, Assistant Attorney General
Santa Fe, NM

for Appellee

Ben A. Ortega
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Chief Judge.**

{1}     Standardized Field Sobriety Tests (SFSTs) are designed to identify over-the-limit drivers for purposes of establishing probable cause for breath tests.  Such use of the tests creates a basis for a police officer to provide non-scientific expert testimony regarding the results.  However, our courts have also recognized that the officer's observations of a subject's behavior during the test may permit the officer and others to infer impairment of the subject's physical functions based on common knowledge possessed by lay persons regarding alcohol intoxication.  Zachariah Anderson (Defendant) appeals his conviction for driving while intoxicated. Defendant broadly contends that his conviction is not supported by substantial evidence and specifically argues that the arresting officer's testimony as to the administration of, and his conclusions from, the SFSTs, was improperly admitted non-scientific expert testimony.

{2}     We conclude that the arresting officer's opinion based on the results of the SFSTs, to the extent it was supposedly administered per his training and experience and scored according to the SFST methodology, was inadmissible non-scientific expert testimony.  However, the arresting officer's observations of Defendant's behavior on the tests were properly used by the metropolitan court as evidence of Defendant's behavior in support of its conclusion that Defendant's driving ability was impaired.  The totality of the evidence leads us to conclude that sufficient evidence supports the conviction, and we affirm.

# I.    BACKGROUND

{3}    The facts of this case are undisputed and will be discussed throughout this Opinion where pertinent to our consideration. The trial lasted an hour. Only Officer Valentino, the arresting officer, testified. We note that Defendant's motion to dismiss for lack of probable cause was denied after the officer testified. His later motion for a directed verdict was also denied. Defendant was convicted of DWI. He appealed to the district court, which affirmed his conviction. This appeal timely ensued.

# II.    DISCUSSION

{4}    Defendant's first issue concerns whether Officer Valentino's SFSTs' testimony constituted expert testimony, and whether the testimony was erroneously admitted. He also makes a substantial evidence challenge.

{5}    The metropolitan court admitted Officer Valentino's opinion that Defendant was impaired by alcohol based on the administration of the SFSTs for a limited purpose, namely, as probable cause for his subsequent arrest of Defendant. As noted below, the tests, according to the officer's testimony, were administered and interpreted according to his experience and training. We conclude that this constitutes the application of non-scientific expertise.

{6}    Both the arresting officer and the metropolitan court judge voiced the opinion that the results of the SFSTs, when administered as intended, are capable of directly correlating with physical impairment from alcohol. We take this opportunity to

reiterate that such a correlation is false based on the literature that developed, explained, and validated the SFSTs' use. *See State v. Lasworth*, 2002-NMCA-029, ¶ 15, 131 N.M. 739, 42 P.3d 844 (noting that the SFSTs were designed to predict BAC and not physical impairment by alcohol). However, the metropolitan court might legitimately draw conclusions from the testimony about Defendant's performance of the SFSTs based on simple lay observations of Defendant's behavior.

**{7}** DWI trials frequently rely on shorthand jargon and common assumptions about typical factual scenarios, and we caution against the loose use of the term "impairment." When evidence concerning results of, and behavior during, the SFSTs are admissible for some purposes but not others, confusion may ensue. We are obligated to address objections to evidence and its use to the extent the objections are adequately preserved and appear in the record. Rule 12-216(A) NMRA; *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280.

**A. Officer Valentino's Testimony Was Based on Specialized Knowledge and Training**

**{8}** Defendant challenges Officer Valentino's testimony as to Defendant's impairment because he claims that the officer's conclusion was solely based on his SFST certification and application of that training and knowledge to score the tests' clues. At trial, Defendant properly objected to the officer's testimony, arguing that

4

the evidence failed to link his specialized knowledge and the results of the SFSTs with his specific conclusion.

**{9}** The State's foundation for Officer Valentino's testimony established that he had been trained and was able to, and did in fact, administer the SFSTs properly to Defendant. *See State v. Torres*, 1999-NMSC-010, ¶ 47, 127 N.M. 20, 976 P.2d 20 (stating requirements for admission of expert testimony based on the SFSTs training). Though not scientific expertise, the officer's testimony was based on "knowledge, skill, experience, training, or education." Rule 11-702 NMRA. We have recognized that the SFST training is specialized knowledge and training. *See State v. Castañeda*, 2001-NMCA-052, ¶ 31, 130 N.M. 679, 30 P.3d 368. In *Torres*, our Supreme Court recognized that officers trained in the SFSTs are non-scientific experts, who "may, because of their training, experience, and specialized knowledge, testify as to the *administration* and *specific results* of the test." 1999-NMSC-010, ¶ 47.

**{10}** Lay testimony is explicitly foreclosed from being "based on scientific, technical, or other specialized knowledge" and must only be "rationally based on the witness's perception[.]" Rule 11-701(A), (C) NMRA. "If the witness testifies to such scientific, technical[,] or other specialized knowledge, then the admissibility of such testimony must be analyzed under Rule 11-702 . . . for expert testimony." Rule 11-701 comm. cmt. Rule 11-701 was amended in 2006, specifically "to avoid the misuse of the lay witness opinion rule as a guise for offering testimony that in reality is based

5

on some form of claimed expertise of the witness." *Id.* Officer Valentino stated that he looked for clues as he was trained when he administered the tests to Defendant based on the tests' standardized administration, but did not score them. The officer testified that his opinion was based upon his training, not experience common to the general public, who could not "score clues" in the SFSTs according to the standardized methods he had been taught.

{11} Accordingly, we hold that the State's foundation for Officer Valentino's testimony cemented his status as an expert witness, proving that he was trained to score drivers' performance on the SFSTs based on his specialized training and that this was the foundation of his opinion that Defendant was "impaired." The officer's testimony was not offered pursuant to Rule 11-702. We next explain why the opinion was inadmissible in the form it was admitted.

**B.      Officer Valentino's Expert Opinion Based on the SFSTs Was Inadmissible**

{12} Non-scientific expert testimony, such as Officer Valentino gave in this case, is required to be both reliable and helpful to the trier of fact. *Loper v. JMAR*, 2013-NMCA-098, ¶ 25, 311 P.3d 1184, *cert. denied*, 2013-NMCERT-008, 309 P.3d 100. An expert may testify "if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Rule 11-702. *Torres* strongly suggested a gauge for testing the reliability of an officer's testimony regarding the SFSTs. If an officer relies on the SFST

6

training to form an opinion, and it is demonstrated that the standardized procedures are not followed, the officer's basis for an opinion based on the SFSTs is called into question. 1999-NMSC-010, ¶ 50. The question is one of relevance. An expert using specialized methodology must demonstrate that the methodology "fits the facts of the case and thereby proves what it purports to prove." *State v. Downey*, 2008-NMSC-061, ¶ 30, 145 N.M. 232, 195 P.3d 1244 (internal quotation marks and citation omitted). For the opinion to be admissible, the testimony must be not only valid, but properly applied to the facts in issue. *Id.*

{13} The metropolitan court found that the purpose of the SFSTs is to test for indicators of impairment. As detailed above, this is incorrect. In light of the information available about the validated purpose for the SFSTs from *Lasworth* and other cases, the trial court's mistake prevented it from evaluating the expert's knowledge and experience to determine whether his conclusions on a given subject may be trusted. *Loper*, 2013-NMCA-098, ¶ 38. Testimony based on specialized training or expertise must also demonstrate that a technique, such as the SFSTs, "is capable of supporting opinions based upon reasonable probability rather than conjecture." *State v. Alberico*, 1993-NMSC-047, ¶ 47, 116 N.M. 156, 861 P.2d 192. "[E]xperts must satisfactorily explain the steps followed in reaching a conclusion" and "without such an explanation[,] the opinion is not competent evidence." *Four Hills Country Club v. Bernalillo Cnty. Prop. Tax Protest Bd.*, 1979-NMCA-141, ¶ 11, 94

7

N.M. 709, 616 P.2d 422. In the present case, Officer Valentino's testimony and the court's finding were based on a failed understanding of the purpose of the SFSTs.

{14} New Mexico courts recognize that the SFSTs' designed purpose "is to discriminate between drivers above and below the statutory BAC limit, *not to measure driving impairment*." *Lasworth*, 2002-NMCA-029, ¶ 15 (emphasis added) (internal quotation marks and citation omitted); *State v. Martinez*, 2002-NMCA-043, ¶¶ 19-20, 132 N.M. 101, 45 P.3d 41 (recognizing the purpose of the SFSTs to predict the BAC); *State v. Marquez*, 2009-NMSC-055, ¶ 18, 147 N.M. 386, 223 P.3d 931 (holding that it is the state's obligation to "lay a sufficient foundation that a motorist's HGN test results, in combination with the walk[-]and[-]turn [test] and [the] one[-]leg stand test results, are [a] scientifically valid means to determine the motorist's BAC" (internal quotation marks and citation omitted)), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110. *Lasworth* quoted a 1998 validation report on the SFSTs to state that "[t]he only appropriate criterion measure to assess the accuracy of [the] SFSTs is [the] BAC." 2002-NMCA-029, ¶ 14 (internal quotation marks and citation omitted). That material concludes that "[t]*he link between* [*the*] *BAC and driving impairment is a separate issue, involving entirely different research methods*." *Id.* (internal quotation marks and citation omitted). In this case, there is no BAC evidence from which to make any predictive connection between the SFST results as scored and impairment of driving ability. *See In re Suazo*, 1994-NMSC-

8

070, ¶ 18, 117 N.M. 785, 877 P.2d 1088 (noting that a chemical test "can strengthen the cases of either the state or the defendant, and it protects the motorist from being prosecuted based on speculation and inferential evidence"). Predicting impairment from the SFSTs is no better than speculation absent a correlating BAC result.

{15}     Officer Valentino's testimony and the metropolitan court's acceptance that the SFSTs are designed to show impairment amounts to no more than the "incorrect assumption that [the SFSTs] are designed to measure driving impairment" that we specifically rejected in *Lasworth*. 2002-NMCA-029, ¶ 14 (internal quotation marks and citation omited). Because the officer did not testify at all as to how he scored the clues Defendant exhibited, or how the scoring related to his conclusion of impairment, his expertise was not properly used. His testimony did not reflect his training or correctly employ the specialized knowledge he possessed and is divorced from the basis for his expertise. Furthermore, he did not relate his general observations of Defendant's conduct to any basis in common knowledge of alcohol's effects that he possessed, rendering his opinion based on his training irrelevant to support a general inference of impairment. Because this rendered the testimony unhelpful to the metropolitan court, the officer's opinion was unfounded, had little general value, and was properly admitted.

**C.     The Court Cannot Take Notice of Impairment Based on the SFSTs**

9

**{16}** In its review of the metropolitan court's decision, the district court held that, based upon *Torres*, Defendant's performance on the walk-and-turn test and the one-leg stand test could indicate to anyone with common knowledge that he was impaired. This too is incorrect. Although the Supreme Court in *Torres* indicates that a lay person can evaluate sobriety test performance, it also held that judicial notice should only be used for matters "known, . . . well established[,] and authoritatively settled." 1999-NMSC-010, ¶ 41. Judicial notice "does not apply where, like here, the evidence is disputed and serves to constitute the foundation of criminal charges." *State v. Perez*, 2014-NMCA-023, ¶ 11, 318 P.3d 195, *cert. denied*, 2014-NMCERT-001, 321 P.3d 936. Whether the SFSTs indicated that Defendant's driving was impaired due to alcohol was disputed. Here, the SFST results do not unquestionably allow the conclusions that Defendant's behavior resulted from alcohol, or he was under its influence when he was driving. It may be common knowledge that various human behaviors can be associated with intoxication by alcohol. *Torres*, 1999-NMSC-010. It is not common knowledge that the behaviors in a certain case automatically show that the impairment is due to the influence of alcohol. Taking judicial notice of a fact that is subject to reasonable dispute or interpretation is contrary to our rules. Rule 11-201 NMRA. Where there is any uncertainty of the matter of fact in question, judicial notice is not permissible. The metropolitan court's decision to take judicial notice of impairment from alcohol based on the SFSTs was error.

**D. The Metropolitan Court Could Properly Base Its Verdict on All the Facts**

{17} In this case, the SFST-related evidence should not have been admitted as non-scientific expert testimony as we explained above. However, the metropolitan court may make reasonable inferences from the officer's common knowledge observations of Defendant's actions. The finder of fact at trial may draw inferences from the facts testified to, apart from the opinions, to draw inferences and conclusions. *State v. Armijo*, 2014-NMCA-013, ¶ 13, 316 P.3d 902, *cert. granted*, 2013-NMCERT-012, 321 P.3d 127.

{18} Defendant argues that, without the impermissible testimony, there was not sufficient evidence to support his conviction. We disagree. The State introduced evidence that Defendant had a dazed appearance when he first drove up to the roadblock, an odor of alcohol, bloodshot and watery eyes, and admitted drinking. These factors, in addition to mistakes during the SFSTs, have been held to establish probable cause to arrest for DWI. *State v. Sanchez*, 2001-NMCA-109, ¶¶ 8-9, 131 N.M. 355, 36 P.3d 446; *see State v. Hernandez*, 1980-NMCA-138, 95 N.M. 125, 619 P.2d 570; *State v. Ruiz*, 1995-NMCA-098, 120 N.M. 534, 903 P.2d 845, *abrogated on other grounds by State v. Martinez*, 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894.

{19} The metropolitan court can assess "common physical manifestations of intoxication[.]"[1] *Torres*, 1999-NMSC-010, ¶ 31. "Evidence of a direct or circumstantial nature is sufficient if a reasonable mind might accept the evidence as adequate to support a conclusion." *State v. Soto*, 2007-NMCA-077, ¶ 11, 142 N.M. 32, 162 P.3d 187 (alteration, internal quotation marks, and citation omitted). In this case, all of the evidence is circumstantial.

{20} In addition to Officer Valentino's general observations of Defendant's behavior, the metropolitan court also considered Defendant's initial denial and later admission of drinking alcohol. Although the metropolitan court placed great significance on Defendant's changing his denial of drinking an unspecified amount within the preceding five or six hours, we disagree that it exhibits "consciousness of guilt." This reasoning has generally been applied to persons who refuse the SFSTs, breath tests, or give false names to avoid being charged with a subsequent DWI. *Sanchez*, 2001-NMCA-109; *State v. Wright*, 1993-NMCA-153, 116 N.M. 832, 867 P.2d 1214; *Martinez*, 2002-NMCA-043, ¶ 17. Denying drinking and then admitting it is of lesser

---

[1]We note that there is a tension between commonly-held judicial beliefs and evidence-based scientific conclusions. "It is improper to look for scientific acceptance only from reported case law because that amounts to finding a consensus in the legal community based on scientific evidence that is sometimes many years old." *Alberico*, 1993-NMSC-047, ¶ 48.

value. Although Defendant admitted to consuming alcohol, it was unclear when he did so. Therefore, other, stronger evidence must support the conviction.

{21} Nonetheless, and despite the infirmities in the metropolitan court's admission and use of the trial evidence discussed above, we hold that the metropolitan court's conclusion that Defendant was impaired was properly supported by evidence of his physical attributes and behavior, including his behavior during the SFSTs. Defendant's behavior "before, at, and after the time of driving" is relevant to the court's determination. *State v. Cavanaugh*, 1993-NMCA-152, ¶ 10, 116 N.M. 826, 867 P.2d 1208. The metropolitan court used its "life experiences" as part of its "best earthly judgment" to judge the totality of the evidence concerning Defendant's case. Given evidence of Defendant's dazed appearance, slurred speech, poor coordination, and admission of drinking, the metropolitan court had enough to guide it "in deciding whether such an accused likely had the ability to drive an automobile in a prudent manner within a reasonable time before or after his behavior is observed in a state of intoxication." *State v. Baldwin*, 2001-NMCA-063, ¶ 16, 130 N.M. 705, 30 P.3d 394. We conclude that, even without consideration of the non-scientific expert testimony we determined to be improperly admitted and utilized, Defendant's conviction was supported by substantial evidence.

**III.   CONCLUSION**

{22}    We affirm the metropolitan court.

{23}     **IT IS SO ORDERED.**


_____

**RODERICK T. KENNEDY, Chief Judge**


**WE CONCUR:**


_____

**M. MONICA ZAMORA, Judge**


_____

**J. MILES HANISEE, Judge**

14