859 P.2d 476

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Dewey Thomas GALLOWAY,
Defendant–Appellant.**

**No. 14033.**

Court of Appeals of New Mexico.

June 3, 1993.

Tom Udall, Atty. Gen., Ann M. Harvey, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

BLACK, Judge.

Defendant appeals his conviction of possession of marijuana with intent to distribute. NMSA 1978, § 30–31–22(A)(1) (Cum. Supp.1992). After his motion to suppress evidence was denied, Defendant pleaded no contest, specifically reserving his right to appeal the trial court's denial of his motion to suppress.

Defendant challenges the denial of his motion to suppress on three grounds: (1) invalidity of the prolongation of the questioning at the primary checkpoint beyond questions of citizenship; (2) invalidity of the referral to the secondary area; and (3) lack of probable cause for the search of the vehicle. We reverse, holding that the agents lacked probable cause for the search of the vehicle.

## STANDARD OF REVIEW

■ The trial court's denial of the motion to suppress will not be disturbed on appeal if the ruling is supported by substantial evidence. *State v. Goss*, 111 N.M. 530, 534, 807 P.2d 228, 232 (Ct.App.), *cert. denied*, 111 N.M. 416, 806 P.2d 65 (1991). We view the evidence in a light most favorable to the trial court's ruling and determine whether the law was correctly applied to the facts. *State v. Munoz*, 111 N.M. 118, 120, 802 P.2d 23, 25 (Ct.App.), *cert. denied*, 111 N.M. 136, 802 P.2d 645 (1990); *State v. Bolton*, 111 N.M. 28, 31, 801 P.2d 98, 101 (Ct.App.), *cert, denied*, 111 N.M. 16, 801 P.2d 86 (1990). However, whether reasonable suspicion or probable cause exists so as to justify prolonged detention of a motorist following a routine roadblock generally constitutes a question of law. *See Goss*, 111 N.M. at 534, 807 P.2d at 232 (existence of reasonable suspicion or probable cause is a question of law, but because related factual determinations may be implicated, determination may become mixed question of law and fact); *see also State v. Clark*, 112 N.M. 500, 502, 816 P.2d 1122, 1124 (Ct.App.1991).

## PROLONGATION OF INITIAL DETENTION AND REFERRAL TO SECONDARY AREA

■ Defendant was a passenger in a Chevy Blazer, with Virginia license plates, which was stopped at a fixed border patrol checkpoint outside Alamogordo. Agent Peachey asked the driver and Defendant about their citizenship, and both produced drivers' licenses directly out of their trouser pockets. Peachey testified he had seen drug traffickers who carried just a license to avoid carrying any other identification; however, Peachey admitted that he did not know whether they also had wallets or other identification in addition.

Agent Peachey testified that Defendant appeared nervous after entering the checkpoint, and that the driver was very, very nervous. Because of their nervousness, Peachey asked the driver about the origin and destination of their trip. The driver answered that they were coming from "Las Cruz," where they had been for about one week, and that they were returning to Virginia. When asked whom they were visiting, the driver responded that they were visiting a friend, and later stated that they were visiting a relative of his father. Based on his perception that the driver and Defendant became even more nervous, Agent Peachey asked them to move to the secondary area. The vehicle was detained in the primary checkpoint area for about one minute longer than usual.

We believe that, under the totality of the circumstances, Agent Peachey had reasonable suspicion to prolong the detention at the primary area to ask about the nature of the trip and to refer the vehicle to the secondary area based on the answers he received. We do not rely on any one of these circumstances, such as nervousness, but consider the combination of these circumstances in determining that they

amounted to reasonable suspicion. *See generally United States v. Sokolow*, 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (factors not in themselves proof of illicit conduct, may in combination provide reasonable suspicion of wrongdoing). In determining the reasonableness of this detention, we emphasize the brief period of time involved. *See, e.g., State v. Cohen*, 103 N.M. 558, 560–63, 711 P.2d 3, 5–8 (1985), *cert. denied*, 476 U.S. 1158, 106 S.Ct. 2276, 90 L.Ed.2d 719 (1986); *see also United States v. Brignoni–Ponce*, 422 U.S. 873, 881–82, 95 S.Ct. 2574, 2580, 45 L.Ed.2d 607 (1975) (officers could ask questions about citizenship and for an explanation of suspicious circumstances based on reasonable suspicion). Nor are we persuaded that Agent Peachey's testimony that he suspected "that something was not right," but he "really didn't know what it was," undermines the reasonableness of his detaining the driver and Defendant for about one additional minute to question them further and refer them to the secondary station. *See Cohen*, 103 N.M. at 563, 711 P.2d at 8.

## SEARCH OF VEHICLE

■ Agent Peachey testified that the driver became much more nervous after being told to move to the secondary area, and that his nervousness exceeded "basic nervousness." When the driver failed to go to the immediate right as directed, but went just far enough to get out of traffic and pulled as far forward as possible, Agent Peachey testified that he became concerned that they were hiding something or throwing something out. Peachey testified that when he discussed the contents of the car with them, the driver and Defendant became more nervous. Defendant was shaking. Peachey ordered them to get out of the vehicle. The driver said he wanted to get going since they had been driving all day and wanted to reach Santa Rosa. Since they had previously said they had come from Las Cruces to the checkpoint near White Sands, a distance of less than fifty miles, Agent Peachey questioned this assertion, but the driver dropped the subject.

Defendant went to the building as directed, but the driver kept returning to the vehicle. Agent Peachey testified that he was concerned about the agents' safety and wanted to insure there was no tampering with the vehicle. Looking inside, Agent Peachey saw a cellular telephone and a box behind the seat. The agent testified he saw three small travel bags inside the Blazer but he could not remember whether he first made this observation in the primary or secondary area. He also saw cigarette rolling papers on a shelf beneath the glove compartment. Agent Peachey asked who the rolling papers belonged to and Defendant claimed them, explaining that he intended to roll cigarettes from butts in the ashtray. Agent Peachey also saw two packs of manufactured cigarettes in the console, and remembered that Defendant was smoking a manufactured cigarette in the primary area.

Peachey said the vehicle was relatively new and contained a cellular telephone, but one of the men had said he was unemployed. He testified that cellular phones are used by those dealing in contraband. Agent Peachey called for a drug dog, but was informed it would be forty-five minutes before the animal was available. Agent Peachey testified at that point he "was really balancing whether [he] had enough to search." He requested consent to search the vehicle but this was refused. Although consent to search the vehicle had been denied, Agent Torres, together with Agent Peachey, searched the vehicle. They found marijuana in a box in the car. The agents then searched the driver and Defendant, and found a marijuana pipe in Defendant's pocket.

■ Although reasonable suspicion is the standard by which to judge detention at a checkpoint which extends beyond the time necessary for agents to satisfy themselves about the citizenship of a vehicle's occupants, probable cause is required to justify a nonconsensual search of the vehicle or occupants. *See United States v. Martinez–Fuerte*, 428 U.S. 543, 567, 96 S.Ct. 3074, 3087, 49 L.Ed.2d 1116 (1976); *United States v. Ortiz*, 422 U.S. 891, 896–

97, 95 S.Ct. 2585, 2588–89, 45 L.Ed.2d 623 (1975) (search of vehicle for aliens); *United States v. Pierre,* 958 F.2d 1304, 1308 (5th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 280, 121 L.Ed.2d 207 (1992). An officer has probable cause when facts and circumstances within the officer's knowledge, or on which the officer has reasonably trustworthy information, are sufficient to warrant someone of reasonable caution to believe that an offense has been or is being committed. *State v. Copeland,* 105 N.M. 27, 31, 727 P.2d 1342, 1346 (Ct.App.), *cert. denied,* 104 N.M. 702, 726 P.2d 856 (1986).

The district court, as stated in the conclusions of law, based probable cause upon the following facts:

a. After the driver and Defendant complied with Agent Peachy's order to exit the vehicle, Agents Peachy and Torres observed a pack of rolling papers on a shelf under the glove box;

b. When asked about the rolling papers, Defendant claimed ownership of them and stated that previously he had been rolling his own cigarettes from Bugler tobacco;

c. Agent Peachy had observed Defendant smoking a cigarette when the vehicle first stopped at the checkpoint and that cigarette had not appeared to be hand rolled.

We do not believe that the circumstances in this case provided probable cause for the search of the vehicle. The presence of both rolling papers and commercially produced cigarettes would not provide probable cause for an arrest for possession of marijuana. *United States v. LeFevre,* 685 F.2d 897, 900 (4th Cir.1982). The district court did not rely upon the cellular phone, *see State v. Swanson,* 172 Ariz. 579, 586, 838 P.2d 1340, 1347 (Ct.App.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1649, 123 L.Ed.2d 270 (1993), and we do not believe the combination of other circumstances was sufficient to support a finding of probable cause to support a nonconsensual search of the vehicle. *See State v. Anderson,* 107 N.M. 165, 169, 754 P.2d 542, 546 (Ct.App.1988) (no probable cause under drug courier profile when defendant, trav-

eling east, had slept in rest stop, had no visible luggage except small carry-on bag, had box of Kentucky Fried Chicken, and was nervous).

Therefore, Defendant's motion to suppress should have been granted because the agents lacked probable cause for the search that led to discovery of the marijuana.

Reversed and remanded.

IT IS SO ORDERED.

DONNELLY and FLORES, JJ., concur.