IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                                      NO. 29,284

MICHAEL SAUCEDO,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Susan Roth, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

    Defendant is appealing from a district court judgment and sentence entered after Defendant pled guilty to trafficking methamphetamine, specifically reserving [RP 76] the right to challenge the denial of his motion to suppress. We issued a calendar notice proposing to affirm, and Defendant has responded with a memorandum in

opposition. We affirm.

Defendant's memorandum in opposition continues to challenge the denial of his motion to suppress and the rejection of his argument that the patdown was not justified. We will not overturn the trial court's ruling on a motion to suppress if it is supported by substantial evidence. *See State v. Galloway*, 116 N.M. 8, 9, 859 P.2d 476, 477 (Ct. App. 1993). In making this determination, we review the facts in the light most favorable to the trial court's ruling. *Id.* Nevertheless, we conduct a de novo review on the ultimate issue concerning the reasonableness of an alleged constitutional violation. *State v. Flores*, 1996-NMCA-059, ¶ 6, 122 N.M. 84, 920 P.2d 1038.

"Police may initiate a protective patdown search for weapons if they have specific and articulable facts which they contend support their assessment of danger. The search must be limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby." *State v. Pierce*, 2003-NMCA-117, ¶ 9, 134 N.M. 388, 77 P.3d 292 (internal quotation marks and citations omitted). The purpose of a frisk is to allow an officer to conduct an investigation without fear of violence. *See State v. Ingram*, 1998-NMCA-177, ¶ 6, 126 N.M. 426, 970 P.2d 1151.

Here, Sergeant David Hunter testified that he made a routine traffic stop of Defendant's vehicle based on loud music. [RP 81] Sergeant Hunter made contact

2

with Defendant and explained to him the reason for the stop, at which time Defendant informed him that he had a weapon, an AK-47, in the backseat and a loaded magazine in the front seat. [RP 82] Sergeant Hunter had Defendant step out of the vehicle, but testified that the door remained open and the gun and ammunition were still within Defendant's reach, and he had Defendant move away from the vehicle and toward the front of the patrol car. [RP 82-83] Sergeant Hunter testified that most people want to talk about the basis for the stop, but Defendant talked about his weapon, raising Hunter's concern. [RP 82] Sergeant Hunter testified that at that point he was very concerned about Defendant's proximity to the weapon and that he was concerned for public safety. [RP 83] Sergeant Hunter testified that Defendant was nervous, and he believed that Defendant was trying to distract him, perhaps from another weapon in the vehicle or on his person. [RP 83] A patdown then ensued. [RP 83] The district court concluded that the patdown was reasonable based on the presence of the weapon and on Defendant's unusual behavior. [RP 89]

Notwithstanding Defendant's attempt to isolate each of the factors noted by Sergeant Hunter to justify the patdown, we simply disagree with him on the issue of reasonableness, particularly with respect to the access to the AK47; Hunter's testimony indicates that he was not just concerned with the AK47, but whether that weapon and Defendant's behavior indicated that he might have a separate weapon on

his person. [RP 83] Nor is this a case where the officer was relying solely on nervousness. In balancing the threat posed to Sergeant Hunter's safety against Defendant's right to be free from arbitrary interference, *see State v. Vandenberg*, 2003-NMSC-030, ¶ 23, 134 N.M. 566, 81 P.3d 19, we believe that Sergeant Hunter's testimony indicates that the patdown was justified in this case.

In *Vandenberg,* ¶¶ 24-25, a case setting out broad guidelines for analyzing protective frisks during routine traffic stops, the Supreme Court cited approvingly to this Court's opinion in *State v. Chapman*, 1999-NMCA-106, ¶¶ 13-18, 127 N.M. 721, 986 P.2d 1122, which upheld a protective frisk after a stop for a seat belt violation because the officer "reasonably believed that [the d]efendant might be armed and dangerous." *Id.* ¶ 18. Here, Sergeant Hunter did not just suspect Defendant was armed, but knew that he had a military assault weapon, with a loaded magazine close by. Like *Chapman*, Sergeant Hunter proceeded incrementally before frisking Defendant, and during this time observed Defendant's nervous and unusual behavior. *See Vandenberg*, 2003-NMSC-030, ¶¶ 26-30. Importantly, as set forth above, Sergeant Hunter articulated the reasons he felt a threat to officer and public safety under these circumstances. *See id.*, ¶ 31 (endorsing view that officer's articulation of their interpretation of a suspect's behavior may provide justification for the patdown). In summary, we defer to the district court's determination on Sergeant Hunter's

4

credibility and the finding that Defendant's behavior was "unusual," [RP 89] and we believe that the patdown was reasonable under the analysis set forth in *Vandenberg*.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**MICHAEL E. VIGIL, Judge**


_____
**ROBERT E. ROBLES, Judge**