This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.                **No. 30,364**

**JANELLE LEEWAY,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Lisa Bozone, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant appeals from a district court on-the-record affirmance of her metropolitan court convictions for driving while intoxicated (DWI) and careless driving. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. After due consideration, we affirm.

**Motion to Suppress**

Defendant continues to challenge the metropolitan court's denial of her motion to suppress statements that she made at the scene. [MIO 7] We will not overturn the trial court's ruling on a motion to suppress if it is supported by substantial evidence. *See State v. Galloway*, 116 N.M. 8, 9, 859 P.2d 476, 477 (Ct. App. 1993), *misapplication of federal law recognized in State v. Cardenas-Alvarez*, 2001-NMSC-017, ¶ 9, 130 N.M. 386, 25 P.3d 225 (recognizing misapplication of federal law, but acknowledging *Galloway* as "sound approach" under New Mexico Constitution). In making this determination, we review the facts in the light most favorable to the trial court's ruling. *Id.* Nevertheless, we conduct a de novo review on the ultimate issue concerning the reasonableness of an alleged constitutional violation. *State v. Flores*, 1996-NMCA-059, ¶ 6, 122 N.M. 84, 920 P.2d 1038.

Defendant specifically contends that she should have received *Miranda* warnings prior to being questioned. [MIO 7] In order to establish that an individual is in custody for *Miranda* purposes, there must be a showing that the individual "lacks

the freedom to leave to an extent equal to formal arrest" and is "in an isolated environment completely controlled by law enforcement officials." *State v. Javier M.*, 2001-NMSC-030, ¶ 18, 131 N.M. 1, 33 P.3d 1 (internal quotation marks and citation omitted).

Here, Officer Sanchez testified that he was dispatched to the scene of a car accident. [MIO 2] Another officer had arrived first and had taken a bottle from the vehicle. [MIO 2] Officer Sanchez testified that there were signs of an accident, with damage to the vehicle. [DS 3] Officer Sanchez testified that he came into contact with Defendant and observed that she had bloodshot, watery eyes and smelled of alcohol. [MIO 3] The officer began to describe his conversation with Defendant, at which time Defendant raised the *Miranda* objection. [MIO 3] Defendant's objection relied on Officer Sanchez's testimony that Defendant was not free to leave during this questioning. [MIO 3] The district court ruled that New Mexico law is clear that no *Miranda* warnings were necessary during this initial phase of an officer's investigation. [MIO 3]

We agree with the analysis set forth by the district court in its memorandum opinion affirming the metropolitan court's ruling. [RP 113] Specifically, Defendant was not handcuffed and had not been placed in the police car. [RP 113] *Cf. State v. Wilson*, 2007-NMCA-111, ¶¶ 18-19, 142 N.M. 737, 169 P.3d 1184 (observing that

3

when an officer uses handcuffs, puts the suspect in a police vehicle, or uses force an investigatory detention can amount to custody triggering the need for *Miranda* warnings). Unlike the scenario discussed in *Wilson*, the facts in the present case do not establish "that [s]he was restrained to the degree associated with a formal arrest." *Id.* ¶ 35. Instead, this case is similar to *State v. Greyeyes*, 105 N.M. 549, 551, 734 P.2d 789, 791 (Ct. App. 1987), where this Court stated:

> General on-the-scene questioning or other general questioning of citizens in the fact-finding process is not considered custodial, and a person in these circumstances need not be informed of his rights before being questioned. The mere fact that police may have focused their investigation on a defendant at the time of the interview does not raise questioning to a level required to warrant *Miranda* warnings.

We are not persuaded by Defendant's attempt to distinguish *Greyeyes*. [MIO 9-10] The fact that the accident occurred at 4:05 in the morning and that there were indications that it may have resulted from impairment did not provide the need to Mirandize Defendant at this investigatory phase. *Cf. State v. Snell*, 2007-NMCA-113, ¶¶ 6, 15-17, 142 N.M. 452, 166 P.3d 1106 (distinguishing *Greyeyes* where a defendant was not simply questioned while standing in the open, but had been questioned after being placed in a police officer's vehicle).

**Sufficiency of the Evidence**

Defendant continues to claim that the evidence was insufficient to support her conviction for DWI. [MIO 12] A sufficiency of the evidence review involves a

4

two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

In order to support her conviction, the evidence had to show that Defendant drove a vehicle under the influence of intoxicating liquor. *See* NMSA 1978, § 66-8-102(A) (2008) (amended 2010). Defendant admitted that she was driving the vehicle after drinking alcohol and had been going too fast just prior to the accident. [MIO 4] Officer Sanchez testified that Defendant was impaired and failed to follow instructions for the field sobriety tests. [MIO 6] He testified that he arrested her based on her admission that she had been drinking and driving, her performance of the tests, the bloodshot eyes, the bottle of alcohol, and the smell. [MIO 6; DS 7] Based on this, our calendar notice proposed to hold that the evidence was sufficient to support Defendant's conviction.

In her memorandum in opposition, Defendant claims that Officer Sanchez's testimony concerning the field sobriety tests cannot be deemed as competent lay opinion within the meaning of Rule 11-701 NMRA. [MIO 13-16] We decline to

address this argument, because it constitutes a new evidentiary issue apart from the sufficiency challenge, and Defendant has not filed a motion to amend the docketing statement. *See* Rule 12-208(F) NMRA. In the context of the sufficiency challenge, we believe that the district court, sitting as fact finder, could rely on the credibility of the officer's observations. In light of the above-noted evidence, we conclude that there was sufficient evidence presented to support Defendant's conviction.

For the reasons stated in this opinion, we affirm.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**ROBERT E. ROBLES, Judge**