This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                    **NO. 32,994**

**AIDE ZAMORA SANCHEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando Macias, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellant

Herman E. Ortiz
Mesilla Park, NM

for Appellee

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     The State appeals an order of the district court suppressing evidence seized by federal agents at an international border crossing. In our notice of proposed summary disposition, we proposed to affirm. The State has filed a memorandum in opposition, which this Court has duly considered. As we do not find the State's arguments persuasive, we affirm.

{2}     Relying upon a concurring opinion in *State v. Caldenas-Alvarez*, 2001-NMSC-017, 130 N.M. 386, 25 P.3d 225, the State initially argued that the district court erred because the evidence in this case was seized at an international border crossing rather than at a permanent border patrol checkpoint. [DS 6-7] In our notice of proposed summary disposition, we proposed to hold that the majority opinion in *Caldenas-Alvarez* required suppression in this case, regardless of the location of the checkpoint. The State's memorandum in opposition now argues that *Caldenas-Alvarez* is distinguishable based upon the location of the checkpoint, and that the district court should have applied the interstitial approach to independent constitutional interpretation prescribed by *State v. Gomez*, 1997-NMSC-006, ¶ 18, 122 N.M. 777, 932 P.2d 1.

{3}     For the reasons articulated in our proposed summary disposition, however, we decline to read *Caldenas-Alvarez* as narrowly as suggested by the State. Instead, we understand *Caldenas-Alvarez* to rely upon "the extra layer of protection that New

2

Mexico offers its motorists," in requiring the suppression of evidence obtained after a stop has been prolonged longer than necessary to address "questions regarding citizenship and immigration status . . . unless the officer conducting the stop reasonably suspects the defendant of criminal activity." 2001-NMSC-017, ¶ 16. Thus, this case falls within the rule articulated in *Caldenas-Alvarez*, and it was not necessary for the district court to independently determine whether the defendant in this case was entitled to broader protections under Article II, Section 10 of the New Mexico constitution than under the Fourth Amendment, since that question has already been answered by our New Mexico Supreme Court. In short, this case did not require the district court to engage in the interstitial analysis described in *Gomez*, because that court, like this Court, is "bound by decisions of our state's highest court, and must follow a holding of our . . . [s]upreme [c]ourt." *Garcia v. Las Vegas Med. Ctr.*, 1991-NMCA-053, ¶ 24, 112 N.M. 441, 816 P.2d 510 (citation omitted).

{4} Finally, the State asserts, in the alternative, that "the full record would disclose that the agent articulated precisely the type of suspicion that justifies a brief expansion of a checkpoint detention." [MIO 4] We understand this assertion to suggest that—even applying the "extra layer of protection" described in *Cardenas-Alvarez* to this case—the expansion of the stop at issue in this case was justified by reasonable suspicion. This is a new argument, addressing an issue that was not raised in the

State's docketing statement. [DS 6] The State has not filed a motion to amend the docketing statement pursuant to Rule 12-208(F) NMRA.

{5} Nonetheless, construing the memorandum in opposition as a motion to amend the docketing statement, we note that the State has not recited facts that would justify reversal. *See* Rule 12-208(D)(3) NMRA (stating that the docketing statement must summarize "all facts material to a consideration of the issues presented"). Instead, the State's memorandum recites: that Customs and Border Patrol Agents must, "within approximately thirty seconds," make assessments regarding citizenship and contraband; that "[i]f the agent is not satisfied within that time, the vehicle is sent to secondary inspection outside the flow of border traffic;" and facts suggesting that the agent in this case may have been unable to quickly assess the immigration status and the potential presence of contraband in the defendant's mini-van. [MIO 5]

{6} Unlike federal law, New Mexico precedent requires that "if the issues of residence or citizenship are resolved at the primary area of the checkpoint, referral of a vehicle to the secondary area must be based on at least reasonable suspicion of wrongdoing." *State v. Estrada*, 1991-NMCA-026, ¶ 5, 111 N.M. 798, 810 P.2d 817; *see also Cardenas-Alvarez*, 2001-NMSC-017, ¶ 16. The State's docketing statement admits that the Defendant presented a resident alien card prior to referral to secondary [DS 3], and the State also concedes that "[i]t is not clear from [the] record whether the

4

residence and citizenship of all occupants of Defendant's car were resolved prior to referral to secondary inspection." [MIO 5] Thus, the facts relied upon by the State neither establish that issues of residence or citizenship were unresolved when the Defendant was sent to the secondary inspection area nor that there was any basis for a reasonable suspicion of wrongdoing at that time. *See State v. Galloway*, 1993-NMCA-071, ¶ 10, 116 N.M. 8, 859 P.2d 476 ("[r]easonable suspicion is the standard by which to judge detention at a checkpoint which extends beyond the time necessary for agents to satisfy themselves about the citizenship of a vehicle's occupants.").

{7}     The State's further assertion that a review of "the full record" would disclose facts establishing reasonable suspicion [MIO 4] is insufficient to justify an amendment of the docketing statement or to satisfy Rule 12-208(D)(3). *See State v. Rael*, 1983-NMCA-081, ¶ 10, 100 N.M. 193, 668 P.2d 309 ("[g]eneral conclusory statements in a memorandum in opposition to a proposed calendaring are insufficient to show cause for a re-calendaring."). Thus, to the extent that the State seeks to amend its docketing statement to assert an alternative basis for reversal of the suppression order in this case, the State has failed to assert facts that would justify such a reversal. *See State v. Moore*, 1989-NMCA-073, ¶ 44, 109 N.M. 119, 782 P.2d 91 ("Nonviable issues are not deserving of being added to the docketing statement[.]").

**{8}** Accordingly, we construe the State's memorandum in opposition as a motion to amend the docketing statement, we deny that motion, and—for the reasons stated in our notice of proposed summary disposition—we affirm the district court's suppression order.

**{9}** **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**LINDA M. VANZI, Judge**