This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO. 33,358**

**JODY VALDEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacquelyn Flores, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant appeals from an on-the-record district court judgment affirming his metropolitan court conviction for DWI (first offense). We issued a calendar notice

proposing to affirm. Defendant has responded with a timely memorandum in opposition. We affirm.

**PROBABLE CAUSE**

{2}     Defendant continues to argue that his arrest was not supported by probable cause. [MIO 11] Probable cause exists when "facts and circumstances within the officer's knowledge, or on which the officer has reasonably trustworthy information, are sufficient to warrant someone of reasonable caution to believe that an offense has been or is being committed." *State v. Galloway*, 1993-NMCA-071, ¶ 10, 116 N.M. 8, 859 P.2d 476. As applied here, the arresting officer had to have probable cause that Defendant was under the influence of intoxicating liquor while operating a motor vehicle, and that this affected his ability to operate the vehicle to at least the slightest degree. NMSA 1978, § 66-8-102(A) (2010); UJI 14-4501 NMRA.

{3}     Here, at 1:56 a.m. an officer observed Defendant's vehicle swerving on four different occasions. [MIO 2] When stopped, Defendant had bloodshot, watery eyes, smelled of alcohol, and admitted to drinking. [MIO 2] Another officer arrived, later testifying that Defendant had bloodshot, watery eyes, and a strong odor of alcohol coming from his facial area. [MIO 3] Defendant was constantly swaying. [MIO 4] Defendant then proceeded to perform poorly on the field sobriety tests. [MIO 5-7] Analogous circumstances have previously been deemed sufficient to satisfy the probable cause requirement. *See, e.g., State v. Sanchez*, 2001-NMCA-109, ¶¶ 8-9, 131 N.M. 355, 36 P.3d 446 (holding that an officer had probable cause to arrest the

2

defendant for DWI based on strong odor of alcohol, bloodshot watery eyes, admission to drinking, and refusal to submit to field sobriety or chemical testing); *State v. Ruiz*, 1995-NMCA-098, ¶ 24, 120 N.M. 534, 903 P.2d 845 (holding that probable cause existed where police observed the defendant's car weaving, strong odor of alcohol, glassy eyes and inability to perform the filed sobriety tests), *abrogated on other grounds by State v. Martinez*, 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894.

{4}      Defendant maintains that his conduct could be explained by reasons other than impairment. [MIO 12] However, Defendant's argument ignores our standard of review. As the above-noted authorities clearly illustrate, a variety of different circumstances, including circumstances similar to those presented in this case, may properly be relied upon to support an arrest for DWI. *See generally Granillo-Macias,* 2008-NMCA-021, ¶ 9, 143 N.M. 453, 176 P.3d 1187 ("In reviewing the evidence supporting probable cause, each case stands on its own facts; there is no one set of circumstances required for probable cause." (alteration, internal quotation marks, and citation omitted)).

**RIGHT TO JURY TRIAL**

{5}      Defendant continues to claim that he was not sufficiently advised of his right to a jury trial. [MIO 13] There is no dispute that Defendant was entitled to a jury trial if this right was timely invoked. *See* Rule 7-602(A) NMRA. As we observed in our calendar notice, the judge advised Defendant that he faced two separate charges, each of which carried a penalty of 90 days; he also informed all of the defendants present

that any of them facing more than 90 days had a right to a jury trial, subject to the 10-day waiver provision. [MIO 1] Although Defendant maintains that it was difficult for him to apply the advice to his own case, and that he was distracted by the proceedings, this does not negate the court's satisfaction of its obligation to convey the information to him. To the extent that Defendant believes that the 10-day period is unfair because it does not provide for sufficient time to appoint counsel, this Court lacks authority to change the Supreme Court rule. *See State v. Valles*, 2004-NMCA-118, ¶ 14, 140 N.M. 458, 143 P.3d 496.

**INEFFECTIVE ASSISTANCE**

{6}      Defendant continues to claim that he received ineffective assistance of counsel. [DS 16] We will not decide an ineffective assistance of counsel claim on direct appeal unless a defendant makes a prima facie showing that counsel was incompetent and the incompetence resulted in prejudice to the defense. *See State v. Richardson*, 1992-NMCA-112, ¶ 4, 114 N.M. 725, 845 P.2d 819.

{7}      Here, Defendant claims that counsel was ineffective by advising him not to testify about the use of an Albuterol inhaler during the DWI investigation. [MIO 16-17] Defendant does not refute our observation that this alleged advice is not part of the record. Accordingly, we do not address the merits of Defendant's claim in this appeal. *See State v. Martin*, 1984-NMSC-077, ¶ 29, 101 N.M. 595, 686 P.2d 937 (holding that an appellate court may not consider matters not of record).

{8}      For the reasons set forth above, we affirm.

4

{9}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL E. VIGIL, Judge**