This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                  **No. 34,070**

**SUSAN LEE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Twila A. Hoon, Contract Appellate Defender
Socorro, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Defendant appeals from an on-the-record district court judgment affirming her metropolitan court conviction for DWI (first offense). We issued a calendar notice proposing to affirm. Defendant has timely filed a memorandum in opposition, pursuant to an extension of time. We affirm.

**Issues 1, 2:**

{2}     Defendant continues to argue that the officer lacked reasonable suspicion to stop her vehicle, and lacked probable cause to make the arrest. [MIO 5-10] "In reviewing a trial court's denial of a motion to suppress, we observe the distinction between factual determinations which are subject to a substantial evidence standard of review and application of law to the facts, which is subject to de novo review. We view the facts in the manner most favorable to the prevailing party and defer to the district court's findings of fact if substantial evidence exists to support those findings. *State v. Hubble*, 2009-NMSC-014, ¶ 5, 146 N.M. 70, 206 P.3d 579 (alteration, internal quotation marks, and citations omitted).

{3}     With respect to the stop, "[q]uestions of reasonable suspicion are reviewed de novo by looking at the totality of the circumstances to determine whether the detention was justified." *Id.* (internal quotation marks and citation omitted). With respect to the arrest, probable cause exists when "facts and circumstances within the officer's

2

knowledge, or on which the officer has reasonably trustworthy information, are sufficient to warrant someone of reasonable caution to believe that an offense has been or is being committed." *State v. Galloway*, 1993-NMCA-071, ¶ 10, 116 N.M. 8, 859 P.2d 476.

{4}     Here, an officer testified that Defendant disregarded a fixed stop sign. [MIO 1] This was sufficient to justify the stop. *See State v. Vandenberg*, 2003-NMSC-030, ¶ 21, 134 N.M. 566, 81 P.3d 19 (noting that suspicion of violating a traffic law supplies initial justification for stopping a vehicle). We also note that Defendant stipulated that there was reasonable suspicion to make the stop, in light of the fact that Defendant was in a valid road block. [MIO 3; DS 1]

{5}     With respect to the arrest, the officer testified that when he stopped Defendant, he noticed that she had a strong odor of alcohol coming from her facial area, and had bloodshot, watery eyes. [MIO 2] She also performed poorly on the field sobriety tests. [MIO 2] This was sufficient probable cause that Defendant was under the influence of intoxicating liquor while operating a motor vehicle, and that this affected his ability to operate the vehicle to at least the slightest degree.  NMSA 1978, § 66-8-102(A) (2010); *cf. State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant

had bloodshot watery eyes, smelled of alcohol, and slurred speech). To the extent that Defendant is arguing [MIO 10] that her conduct was caused by something other than alcohol consumption, the fact finder was free to reject her version of events. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314.

**Issue 3:**

{6}     Defendant claims that her original attorney was ineffective. [MIO 10]  There is a two-fold test for proving ineffective assistance of counsel; the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that defendant was prejudiced by the deficient performance.  *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on defendant to prove both prongs.  *Id.*

{7}     Defendant claims that counsel was ineffective for not allowing her to point out conflicts in testimony and for preventing her from addressing the trial court at sentencing. [MIO 11] These appear to be matters of strategy that do not establish a prima facie showing of ineffective assistance of counsel. *See State v. Baca*, 1997-NMSC-59, ¶ 25, 124 N.M. 333, 950 P.2d 776 (stating that "a prima facie case is not made when a plausible, rational strategy or tactic can explain the conduct of defense counsel").  In addition, the communications between Defendant and counsel are not matters of record subject to review on direct appeal. *See State v. Hunter*, 2001-

NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review.").

{8}    For the reasons set forth above, we affirm.

{9}    **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**J. MILES HANISEE, Judge**